# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHERINE BROWN | CIVIL No. |
| versus | JUDGE: |
| MINYANGO TOKPAH,  SHAKIM HARRIS,<br>TANISHA WRIGHT, ANDREA MICHELLE<br>STEWART,  JONTE MILLER,<br>THERESA D. BRUNSON,<br>DONALD MURRAY, TCTV and the<br>ANTI FRAUD WARRIORS, LLC, et al | MAGISTRATE: |

## MEMORANDUM IN SUPPORT OF CATHERINE BROWN's MOTIONS FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES plaintiff/petitioner CATHERINE BROWN, through undersigned counsel, and respectfully files here her Memorandum in Support of her Motion for The Entry of a Temporary Restraining Order and Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65.  Petitioner respectfully requests expedited hearing and Oral Argument.  Upon the annexed declarations of undersigned counsel, the Petitioner's sworn Affidavit, and the accompanying memorandum of law, and the respective exhibits to be provided at any hearing to be  presented to this Court via the requested live Rule to Show Cause and Hearing as to why the Petitioner's Request for Temporary Restraining Order Should Not Be Immediately Granted,

Plaintiff respectfully moves this Court for a Preliminary Injunction estopping

and prohibiting the named defendants, as well as unnamed actors, as well as all associates and affiliates of the named defendants, from their continuing pattern of intentional continual and ongoing pattern of cyber stalking, harassment, defamation, extortion, threats to her life and safety, and other cyber and online harassment, which are in violation of several Federal and State of Louisiana laws, and that as soon as also practicable.

Further, Petitioner, as soon as practicable, respectfully requests that this Court schedule, after due notice upon the defendants MINYANGO TOKPAH, SHAKIM HARRIS, TANISHA PRICE, ANDREA MICHELLE STEWART, JONTE MILLER, THERESA D. BRUNSON, DONALD MURRAY, the ANTI FRAUD WARRIORS, LLC, as well as to-be-identified defendants committing illegal and tortuous acts, including but not limited to "TCTV", "GHOST", "GOOD GUY", "SLANDERGOD", "POSITIVELY HATE", "SPOT3M SHOT3M", "THE ORACLE", "GENERAL D", "SCARLIT", "DON M" and "BLACK LOUNGE ENTERTAINMENT", as well as all associates and affiliates of the named defendants and/or their counsel, be ordered to appear and attend a Hearing and Rule to Show Cause as to why a Temporary Restraining Order, and/or Injunction, as prayed for by your Petitioner, herein, should not be granted.

## **PRELIMINARY STATEMENT**

Petitioner of CATHERINE BROWN, files here against the named defendants, MINYANGO TOKPAH, SHAKIM HARRIS, TANISHA PRICE, ANDREA MICHELLE STEWART, JONTE MILLER, THERESA D. BRUNSON, DONALD MURRAY, the ANTI FRAUD WARRIORS, LLC, as well as to-be-identified defendants committing

illegal and tortuous acts, including but not limited to "TCTV", "GHOST", "GOOD GUY", "SLANDERGOD", "POSITIVELY HATE", "SPOT3M SHOT3M", "THE ORACLE", "GENERAL D", "SCARLIT", "DON M" and "BLACK LOUNGE ENTERTAINMENT", as well as all associates and affiliates of the named defendants and all aligned and unnamed defendants and affiliates, her Complaint/Petition for Damages, as well as her related Request for an Immediate Preliminary Injunction and request for  this Court to as soon as practicable to Notice the Requested Hearing and Rule to Show Cause as to Why a Temporary Restraining Order Should Not Be Granted in her favor, seeking this Court to Order the defendant individuals and affiliates, named or unnamed, to be ordered by this Court to immediately cease these defendants' continual and ongoing pattern of online public broadcasts on YouTube channels and in online public chat rooms comments and postings, which amount to their cyber stalking, harassment, defamation, and actual threats to the Petitioner's safety, as well public online broadcasted attacks upon the Petitioner's reputation, business interests, life and safety.  Petitioner seeks an order from this Court prohibiting their described ongoing and persistent harassment of Petitioner, which are both criminal violations and civil tortuous acts committed by those defendants as described in her foregoing Complaint/Petition and sworn Affidavit detailing dates, episodes and damage caused to her by these defendants' intentional acts.

Petitioner attests in her attached Affidavit details of those episodes and instances of threats and intimidation alleged by her committed by these defendants over this past calendar year, that has reasonably caused her to fear for the safety

and lives of herself and loved ones.  Selected episodes and descriptions of these events and defendants are included here, and within her Complaint and Petition for Damages, listed here as follows:

- Defendant MINYANGO TOKPAH, also known online as "Poetik Flakko", is an online actor that to Petitioner's understanding has used several aliases, including "Federick Jallah" . This defendant is a founder of the "Good Guys", a group of individuals which form an internet troll (online harassment) group which constantly posts YouTube vitriol and hateful attacks against your Petitioner (an African-American woman), often in stark racial terms, with their claiming her to be insufficiently pro-African American, and threatening her safety and peace of mind for same.  This particular defendant actor is believed by Petitioner to utilize his access to software as a Debt Collection or Financial Industry employee to access online several targeted individual's private information, including your Petitioner.

- Petitioner due to this actor's online postings and comments witnessed by herself firsthand, does believe that this defendant, as well as his associates, possess the personal addresses and information regarding herself and her family, per video evidence dated May 29, 2021.

- These threats by defendant MINYANGO TOKPAH, have so profoundly upset and have threatened your Petitioner, that she is currently seeking mental health counseling and has considered moving to a new, unlisted residential home to remove herself from these threats from this defendant;

- On or about June 4, 2021, Petitioner was made to witness online chat room postings by defendant MINYANGO TOKPAH that he had actually stalked Petitioner, and with this defendant stating he would reveal her personal information online to damage your Petitioner if she properly reported this defendant or other troll's threats, sexual bullying, insults and defamation of her to law enforcement authorities;

- On or about June 4, 2021, Petitioner downloaded chat records will show that defendant MINYANGO TOKPAH admitted to stalking her, cyber-stalking her, and invading Petitioner's privacy;

- On August 1, 2021, of this actor threatened online an 11 year old child, has posted the child's picture online in several different on several public online venues, and has made anti-gay slurs against the child on You Tube public broadcast channels;

- Per video evidence dated August 1, 2021 and snapshots of comments dated during the month of August, 2021, this same defendant actor has also online threatened to have sex with a targeted man's six year old daughter.

- Per downloaded chat evidence, dated May 29, 2021, part of this defendant repeatedly also posted defamatory and untrue claims online that the Petitioner's non-profit organization is a fraudulent effort and a "scam",  and have defamed her to other potential donors and colleagues.

- This defendant/actor MINYANGO TOKPAH/Poetik Flakko's venues for internet threats and defamation to your Petitioner were the YouTube internet YouTube Channels of "Poetik Flakko" and "Poetik Flakko Media", "King Talk

Entertainment" and other "Good Guy" YouTube channels, as well as formerly "Poetik Flakko Reactions".

- Per downloaded video evidence, dated September 23, 2021, this defendant MINYANGO TOKPAH/Poetik Flakko repeatedly brags online about stalking and threatening his enemies, and has posted actual photographs online of him purported to be at the homes or persons which he claims to be stalking.

- Petitioner sincerely believes that this defendant, MINYANGO TOPKAH, is a real and continuing threat to her and her family's safety and well being, and seeks Court relief to protect her by ordering this defendant and others to discontinue these threats and harassment.

- Defendant DONALD MURRAY has extorted, threatened and harassed your Petitioner in publicly broadcast YouTube channel videos and live stream broadcasts repeatedly over this past year. This defendant has extorted money from the Petitioner using online venues such as YouTube broadcasts and public online chat rooms, having explicitly demanded money, resources and help from your Petitioner in his public online broadcasts, and threatened to injure or continue to insult her on numerous occasions publicly broadcast unless she paid cash money and provided resources and business customers to him, and has even threatening harm third parties if the Petitioner or others did not give to him money he claimed that others owed to him.

- During the month of January, 2021, this defendant DONALD MURRAY stated publically in online venues stated that he "kills bitches" while

referencing your Petitioner as a "bitch". On April 3, 2021, Petitioner filed with a complaint with the Newark, Delaware Police Department regarding this defendant harassing and extorting Petitioner for money via his video broadcast threats and defamation of her on the TCTV, SLANDERGOD, and his own "DON M" YouTube broadcast channels, with defendant DONALD MURRAY extorting and threatening Petitioner that she would be harassed and defamed until she gave him money.  Petitioner at one point actually gave this defendant some money in agreement to have him discontinue harassing her, and Petitioner had attempted to provide assistance and resources (housing leads, business customers) to him in order to stop the harassment and threats, which proved futile as this defendant would return to the various online venues cited above to threaten, insult, extort and defame your Petitioner.

- This defendant DONALD MURRAY has had his own YouTube broadcast channel named "Don M", which Petitioner believes was deleted by YouTube for the defendant's threatening to kill your Petitioner and harassment of your Petitioner. Defendant DONALD MURRAY's vitriol against the Petitioner in his online public statements and broadcasts are amongst the worst experienced by the Petitioner, and she feels this defendant is a real and true threat to her safety and well being.

- During the month of April 2021, your Petitioner sought police protection from defendant DONALD MURRAY . However, this still did not stop this

defendant from his continued publicly cyber attacks, threats and extortions upon your Petitioner.

- On October 6, 2021, this week, per video evidence, again made additional this defendant again made posted, public online broadcasts of sexually explicit and harassing comments toward your Petitioner on defendant SLANDERGOD's YouTube public broadcast channel, in a continued pattern of harassment.

- Defendant GENERAL D is another online actor, is reasonably believed by Petitioner (per video evidence dated August 16, 2021) to have instigated internet attacks upon Petitioner by others, and believed instigated by defendant MINYANGO TOKPAH (Poetik Flakko) to harass Petitioner and to harass others online, and on May 29, 2021, this defendant posted online that knows "everything" about your Petitioner and has posted online repeatedly that he has cyber stalked her with other actors.

- On August 16, 2021, defendant GENERAL D posted online and stated that he pays Poetik Flakko to host his channel to harass, intimidate and to "destroy" the reputations of others, particularly and by name your Petitioner, via YouTube Video postings by himself and affiliates; verifying same in an online comment made to your Petitioner via chat on May 29, 2021.

- On or about May 19, 2021, another defendant actor known as "TCTV", a defendant individual or multi-individual group entity, explicitly stated online that Petitioner's life "should not be protected within the black community"

for her allegedly reporting to law enforcement this defendant's attempted extortion, harassment and sexualized bullying of Petitioner.

- TCTV posts harassing comments and defamatory statements harassing and threatening your Petitioner under the name "Ghost" as well as under the name "Good Guy", and publicly online actually claims and is asserted here to have dozens of aligned and affiliated internet actors additionally posting threats, defamatory statements and online intimidation of your Petitioner.

- Petitioner, because she had (unsuccessfully) exhausted all other resources within the YouTube broadcasting company to stop the continuing threats and harassment of her by these YouTube broadcast actors, then sought law enforcement in Delaware to have defendants MINYANGO TOPKAH, DONALD MURRAY, TCTV and others to stop their online stalking and harassment and in some instances extortion of her.

- Petitioner believes threats to her by defendant TCTV are coordinated by the several other defendants over the past year due to postings and comments made by these defendants, and that these threats pose real dangers to herself and family, as well as her business associates and their families.

- On or about March 8, 2021, the online YouTube actor in the YouTube channel "Vichi" stated an online group chat full of other similar persons harassing your Petitioner the following: "Where is Catherine Brown? I (Vichi) brought SKOL (chewing tobacco) so that we can all spit on her". This level of online hatred was so heated within this public online group, and was palpably so intense, that the Petitioner was profoundly upset and

9

scared that these threats would metastasize into larger more dangerous
threats to her;

- On July 22, 2021, defendant TCTV, also known as member of the online troll
  group  "THE GOOD GUYS", and also known online as "Ghost", made
  additional false and harassing video broadcasts targeting your Petitioner,
  implying that a false and baseless Police Report was filed by your Petitioner
  against this defendant TCTV. This posting was broadcast by this defendant,
  TCTV, in order to foment hatred and additional harassment of your
  Petitioners by others affiliated or sympathetic to this defendant as well as his
  harassments and previous race-based accusations made against the
  Petitioner, and this posting led to additional threats and online harassment
  by other defendants and others broadcast online against your Petitioner.

- On or about June 15, 2021, your Petitioner spoke verbally with an Attorney,
  THERESA D. BRUNSON, also named defendant herein, who in response to
  Petitioner's complaints to Police authorities and online regulators regarding
  the threats and harassment of her by defendant TCTV, BRUNSON inserted
  herself into this online harassment situation by sending to your Petitioner a
  written "Cease and Desist Letter" to the Petitioner warning her to discontinue
  complaints against this defendant for his online harassment of Petitioner,
  and further instructing that all matters regarding this defendant should be
  directed to her as this person/entity TCTV's (now defendant's) Attorney.

- Defendant ANDREA MICHELLE STEWART is an online actor that to
  Petitioner's firsthand observations and understanding has used several

aliases, including the "ANTI AFRO SVEGALIS" You Tube Channel, and/or "ANTI AFRO SVEGALIS CHANNEL", and has posted dangerous public internet postings over this past year that have falsely accused your Petitioner of intentionally acting to file and injure Black people by filing false Police Reports and YouTube complaints against certain Black individual content poster. Defendant Tanisha Wright-Price over this past year has participated in several of the "Good Guys' online public broadcast panels on an active campaign (along with TCTV and others) to intimidate, to incite racial hatred against and to harass your Petitioner for seeking police protection against the "Good Guys" defendants, primarily in an online panel of May 24, 2021, where this defendant in publicly online broadcasts attacked your Petitioner for going to the police and mentioned to viewers that your Petitioner put "Black men" at risk of harmful police interaction, which in fact involved Petitioner seeking police protection from these actors. These postings by this defendant have pointedly put your Petitioner at risk from others, as these postings and false accusations by this defendant could be motivate others to injure or hurt Petitioner with the false beliefs publicly promoted online in public settings by that defendant..

- Defendant THE ORACLE is another online actor, affiliated with the YouTube Channel of "Good Guys" and former "Good Guy" either individual or entity, THE ORACLE.  This defendant actor has repeatedly attacked and defamed your Petitioner in online YouTube broadcasts, by name, spreading Hate-based attacks upon her intending to incite hatred of Petitioner by falsely

claiming that the Petitioner targets and falsely attempts to have defendant
TCTV reported and removed from continued internet attacks and threats
against the Petitioner.

- On or about March 13, 2021, speaking on the panel of one of TCTV's now
deleted channels, this defendant actor THE ORACLE once, continuously
waged attacks upon your Petitioner online for five hours, in very profane and
explicit race and sexually-based terms for going to YouTube and/or the law
enforcement authorities about the tortuous attacks upon her by defendant
TCTV. In starkly racial terms, this defendant has over the past year
repeatedly viciously verbally attacked Petitioner in public online broadcasts
for being, notably for being "a double agent" or betrayer Black people.

- The defendant, SHAKIM HARRIS, also posting online in public YouTube
broadcast channel under the alias "SHEKEM RA", posted online in a video
broadcast dated September 23, 2021, video of himself brandished a loaded
shotgun, and  posted a false accusation that your Petitioner was giving
money to his alias character SHEKEM RA in support of his online attacks
against the "Good Guys" for his previously being excluded from that group.
These false public statements by this defendant  creates a false and
dangerous perception that the Petitioner is funding attacks upon and
complaints against the "Good Guys", and could well foment their members or
affiliates to attack, endanger or injure your Petitioner for retribution against
her as threatened publicly online by many like-minded actors in the past.

- Online poster defendant SPOTEM SHOTEM, also posting online under the alias of "SPOT3MSHOT3M", for at least the past year has been broadcasting a series of false accusations and narratives against the Petitioner, repeatedly defaming, humiliating, cyber bullying, falsely claiming Petitioner to be a drug abuser (a drunk), a fraud, and attempting to dehumanize your Petitioner in online postings, such posting which have continued into September, 2021, often posting references to Petitioner by her initials, or by derogatory references that are used repeatedly and known to the circle of online harassers of the Petitioner to identify her.

- Per comments snapshot and downloaded evidence, dated May 24, 2021 and September 1, 2021 online actor and defendant known as "SCARLIT" frequently harasses and antagonizes other persons online falsely claiming to be the Petitioner, in order to incite hatred, revenge and violence by others against your Petitioner.

- This activity is dangerous to your Petitioner, as such false postings by this actor SCARLIT can reasonably create a climate and animus against your Petitioner which leads to additional cyber bullying, threats, defamation, as well as potential actual violence against your Petitioner.

- Petitioner is in possession of video tape and printed internet postings that support most of her attestations made above, as well as similar evidence regarding other additional threats and postings by these defendants and others defaming and threatening her, and profoundly upsetting her to the

point of medical injury and treatment, which she intends to seek in the very near future.

- Petitioner experienced a significant portion of those threats, defamation, intimidation and torments made against her while in the New Orleans area over this past calendar year, on those dates listed in her Complaint and Petition for Damages, and trusts undersigned counsel and local counsel here to honestly pursue the relief sought here, in this venue of the USDC, EDLA, and additionally, has the support of many family members in Louisiana and in the New Orleans area to provide the emotional support to her necessary to pursue these legal proceedings against these persistent and threatening defendant actors here.

- Additionally, the defendants' online public broadcasts and postings  involving the alleged defamation and threats to your Petitioner by the respective defendants were broadcast into the jurisdiction of the State of Louisiana and Parish of New Orleans, thus subjecting the defendant to the Jurisdiction of this Court, and further, these online public broadcasts and postings were actually witnessed and seen by the public located within this jurisdiction, thus creating proper venue in this jurisdiction – with these factors present in addition to your Petitioner having actually witnessed the online postings and threats to her by certain defendants while she was located within the State of Louisiana and Parish of New Orleans during times pertinent hereto, as explained in her Complaint and Petition for Damages, thus making this judicial district a proper venue for this litigation. Further, Petitioner informs

that it is likely that she will be permanently relocating to New Orleans, Louisiana in the coming months.

- Petitioner sincerely begs this Court consider her circumstances, allow her to pursue her claims and relief sought in this particular judicial district of the USDC, EDLA, and that this Court then after due consideration, issue orders stopping these defendants and others from continuing to torment and threaten her, via Preliminary Injunction, and then, after due citation and hearing before this Court, issue a Preliminary Injunction prohibiting the activities of the actors and defendants, and their affiliates, as prayed for herein.

## I.    <u>STANDARD FOR INJUNCTIVE RELIEF</u>

In the Federal Fifth Circuit Court of Appeal, a temporary restraining order or preliminary injunction is appropriate when: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the request for relief is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the relief requested will not disserve the public interest. *Greater New Orleans Fair Hous. Action Ctr.*, 2011 U.S. Dist. LEXIS 157604, at *4 (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)).  *See* Roho*, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990); *Cherokee Pump & Equipment v. Aurora Pump*, 38 F.3d 246 (5th Cir. 1994). All factors favor granting of the emergency relief requested by CATHERINE BROWN.

## II.    PETITIONER CATHERINE BROWN IS LIKELY TO SUCCEED ON THE MERITS OF HER CLAIM

Petitioner CATHERINE BROWN believes and asserts that the defendants here, for those good reasons described above, are in violation of several Federal and State of Louisiana laws, as delineated below, and seeks relief on that basis. Those laws asserted violated include the following:

US Code 18 Section 2261A:

Whoever--

(1) travels in interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person; or

(2) with the intent--

(A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or

(B) to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to--

(i) that person;

(ii) a member of the immediate family (as defined in section 115 [1] of that person;

16

or

(iii) a spouse or intimate partner of that person;

uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B); [2] shall be punished as provided in section 2261 (b) of this title.

Section 2261 (B):

(b) **Penalties**.-- A person who violates this section or section 2261A shall be fined under this title, imprisoned--

(1) for life or any term of years, if death of the victim results;

(2) for not more than 20 years if permanent disfigurement or life threatening bodily injury to the victim results;

(3) for not more than 10 years, if serious bodily injury to the victim results or if the offender uses a dangerous weapon during the offense;

(4) as provided for the applicable conduct under chapter 109A if the offense would constitute an offense under chapter 109A (without regard to whether the offense was committed in the special maritime and territorial jurisdiction of the United States or in a Federal prison); and

(5) for not more than 5 years, in any other case, or both fined and imprisoned.

(6) Whoever commits the crime of stalking in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other order described in section 2266 of title 18, United States Code, shall be punished by imprisonment for not less than 1 year.

Additionally, defendants are here asserted to be in violation of United States Federal Law H.R. 3402, as follows:

(1) Under the Federal Crime, we are preparing to seek Federal legal action and this immediate relief: (a) Cyber harassment, Cyber stalking, etc. in violation of the Women's Violence Act, Department of Justice Reauthorization Act of 2005, H.R. 3402, titled "Preventing Cyber stalking" and numbered as Â§ 113, Â§113(a)(3) provides that Section 223(a)(1)(C) applies to "any device or software that can be used to originate telecommunications or other types of communications that are transmitted, in whole or in part, by the Internet; Cyber-stalking and Cyber-harassment laws in violation of the Communications Act, 47 U.S.C. Â§ 223(a)(1)(C) and Â§ 223(h)(1)(B). (b) H.R. 3402 INCLUDES CYBER: Slander, Libel and Harassment.

Under Sec. 113. FEDERAL "Preventing Cyberstalking":

To strengthen stalking prosecution tools, this section amends the Communications Act of 1934 (47 U.S.C 223)(h)(1) to expand the definition of a telecommunications device to include any device or software that uses the Internet and possible Internet technologies such as voice over internet services. This amendment will allow federal prosecutors more discretion in charging stalking cases that occur entirely over the internet.

Petitioner again respectfully requests that this Federal District Court additionally accept the pendant, ancillary or supplemental jurisdiction of her State

Law Tort Claims, as they involve the identical parties plaintiff and defendant, as well as identical events, witnesses, proof of loss and events giving rise to her Federal law claims herein, and Petitioner in good faith believes that in the interest of judicial economy and in avoiding unnecessary expenses for all parties, that it is reasonable to conclude that all of her claims – state and federal - should be determined in this litigation in this Court.

Petitioner CATHERINE BROWN makes here an additional separate set of claims under all state laws applicable to such incidences and in particular Louisiana Civil Code Article 2315, which allows civil damages to be legally assessed against the defendants, or in the alternative, as well as any affiliated individuals or employees, to petitioner for the acts and omissions, for those individuals' acts, omissions, negligence or intentional acts, and for those vicariously liable for all actions of any defendant actors that are employees or retained or directed by any defendant herein, and with all liable to your Petitioner for all losses, damages and costs proven suffered by the Petitioner herein. Petitioner thereby respectfully requests that she be awarded all relief and damages as may be appropriate the laws of the United States of America, State of Louisiana and applicable Orleans Parish ordinances, which are hereby pleaded and adopted by this reference as is set forth at point *in extensio*.

Petitioner asserts here that  she was in fact injured by these defendants' acts as described above, the torts and violations alleged here committed by the named defendants and affiliates as described above, do rise to the level of extreme abusiveness and reasonable presumed to inflict upon Petitioner the actors' desired

19

injury, particularly involving their intentional infliction of emotional distress involving

and upon the Petitioner, and intent of the defendant/actors to do same, which are

actionable here as contemplated by the Louisiana Supreme Court's decision in

_White v. Monsanto Co._, 585 So.2d 1205, 1209 (La. 1991) and it's progeny, and

additionally fall into the fact patterns and circumstances where employers such as

the named defendants may be found vicariously liable to this Petitioner in tort for

the acts and offenses committed by any others named defendant and so motivated

by other defendants, with those damages and liability as contemplated by _Martin v._

_Bigner_, 665 So.2d 709, La.App. 2 Cir. 12/6/95, (La. App., 1995)

Petitioner CATHERINE BROWN avers that as a result of the above-

described actions of all named defendants,  that she has separately suffered

mental and emotional distress, loss of peace of mind, threats to herself and family,

humiliation, shame, indignation and psychological injuries, as well as with her

suffering profound emotional damages incurred as a direct result of the defendants'

intentional actions.

**I.    DEFENDANTS' CONTINUED AGGRESSIVE ATTACKS AND DEFAMATION COULD WELL CAUSE PETITIONER IRREPARABLE HARM.**

Allowing the continued acts and behavior of these defendants against

your Petitioner could well result in irreparable harm to your Petitioner, a Court

order prohibiting these continued activities, will NOT unduly prejudice any

defendant, while providing immense relief to Petitioner. Further, the Court order

sought here essentially orders the defendants to cease their illegal stalking,

20

harassing, and threatening your Petitioner online as required by the federal statutes cited above.

In the United States Fifth Circuit, irreparable harm is presumed from violations of civil rights statutes that provide for injunctive relief.  *See, e.g, EEOC v. Cosmair*, 821 F.2d 1085, 1090 (5th Cir. 1987) ("[w]hen a civil rights statute is violated, 'irreparable injury should be presumed from the very fact that the statute has been violated'"); *Middleton-Keirn v. Stone*, 655 F.2d 609, 612 (5th Cir. 1981); *United States v. Hayes Int'l Corp.*, 415 F.2d 1038, 1045 (5th Cir.1969) (irreparable harm is presumed from violations of the civil rights statutes).  Because preliminary injunctive relief is specifically authorized as a remedy in situations involving real possibility of harm to persons such as your Petitioner - here the defendants actual violation of federal law - this Court is asked to issue the injunctive relief requested here.

## II.     THE BALANCE OF HARM WEIGHS IN FAVOR OF GRANTING INJUNCTIVE RELIEF

Their exists real and palpable threat of irreparable harm to your Petitioner if this Court does not act in issuing an Order prohibiting the defendants' continued threats to her safety, as well as their ongoing defamation, harassment and serious upset to your Petitioner CATHERINE BROWN, which to date has caused her to seek medical treatment for same, as well as real concern for her safety and well being of herself and her family. Unless the Petitioner is granted the sought for injunctive relief, she will continue to suffer from the Defendants' above-described

actions the continual and ongoing pattern of cyber stalking, harassment, defamation, and personal threats to the Petitioner's reputation, business interests, life and safety – again in violation of federal law.  The Petitioner seeks the requested relief  prohibiting the defendants' criminal violations and civil tortuous acts, as described in her foregoing Complaint/Petition and her related sworn Affidavit detailing dates, episodes and damage caused to her by these defendants' intentional acts.

Again, an Order from this Court temporarily prohibiting the defendants' above-described activities will not prejudice the defendants or aligned actors herein, and will offer relief to the Petitioner until the requested Rule to Show Cause relative to Petitioner's request for Preliminary Injunction is heard.  The GRANTING of Petitioner's prayed for relief far outweighs any harm that Defendants would incur by the granting of the relief requested.  There is absolutely NO HARM to the defendants if this motion is granted. Thus, the balance of harms weighs greatly in favor of Plaintiff, and her Motion should be granted.


**III.    THE PUBLIC INTEREST WILL BE SERVED BY THE
           REQUESTED INJUNCTIVE RELIEF**

The public interest in the protection and enforcement of the civil rights of women such as your Petitioner are protected from the illegal stalking, harassment, threats, extortion and she currently endures, as recently as October 6, 2021 and continuously throughout this past calendar year – all in violation of Federal law, and

all injurious to her as explained herein.  The general public would be better served by the granting of the relief Plaintiffs' Motion requests.

## **CONCLUSION**

Petitioner CATHERINE BROWN, as soon as practicable, respectfully requests that this Court issue orders imposing upon all concerned a Preliminary Injunction estopping and prohibiting the named defendants, as well as unnamed actors, as well as all associates and affiliates of the named defendants, from their continuing pattern of intentional continual and ongoing pattern of cyber stalking, harassment, defamation, extortion, threats to her life and safety, and other cyber and online harassment, which are in violation of several Federal and State of Louisiana laws, and that as soon as also practicable.

Further, Petitioner, as soon as practicable, respectfully requests that this Court schedule, after due notice upon the defendants MINYANGO TOKPAH, SHAKIM HARRIS, TANISHA PRICE, ANDREA MICHELLE STEWART, JONTE MILLER, THERESA D. BRUNSON, DONALD MURRAY, the ANTI FRAUD WARRIORS, LLC, as well as to-be-identified defendants committing illegal and tortuous acts, including but not limited to "TCTV", "GHOST", "GOOD GUY", "SLANDERGOD", "POSITIVELY HATE", "SPOT3M SHOT3M", "THE ORACLE", "GENERAL D", "SCARLIT", "DON M" and "BLACK LOUNGE ENTERTAINMENT", as well as all associates and affiliates of the named defendants and/or their counsel, be ordered to appear and attend a Hearing and Rule to Show Cause as to why a Temporary Restraining Order, and/or Injunction, as prayed for by your

Petitioner, herein, should not be granted.

WHEREFORE, it is respectfully requested that this Court grant this application for a Temporary Restraining Order and immediately, as soon as practicable, notice and schedule a live attended hearing of Petitioner's Request for Preliminary Injunction.

Respectfully Submitted,

*Dominic N. Varrecchio*

_____
Dominic N. Varrecchio (La. Bar #19456)
1539  Jackson Avenue, Suite 100
New Orleans,  LA  70130
Telephone:  (504) 524-8600
Email: knic55@cox.net
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing, together with all related pleadings involved in this filing, have been served upon all parties and/or their counsel by the CM-ECF electronic filing system for the United States District Court, as well via actual service of process of the related Petition/Complaint, Request For Preliminary Injunction and Notice of Hearing of Temporary Restraining Order upon those defendants of those items together with Summons to Appear. Petitioner further has also served all related filings here via E-mail to all defendants where E-mail addresses are available to Petitioner and Counsel, as certified and explained in the attached Rule 65 Certification. This 7th day of October, 2021.

*Dominic N. Varrecchio*

_____
DOMIINIC N. VARRECCHIO