UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATHERINE BROWN                                    CIVIL ACTION


VERSUS                                             NO. 21-1844


MINYANGO TOKPAH ET AL                             SECTION: "H"


## ORDER

Before the Court is a Motion for Entry of a Temporary Restraining Order ("TRO") (Doc. 3) filed by Plaintiff Catherine Brown. Plaintiff filed this suit against Minyango Tokpah, Shakim Harris, and others (collectively, "Defendants"), alleging that each had engaged to some degree in stalking, harassing, threatening, attacking, or defaming her through online activity.[1] Generally, Plaintiff claims that Defendants are individuals using online platforms like YouTube to engage in "cyber and online harassment" that began around October 1, 2020 and has persisted since.[2] Plaintiff, a Delaware domiciliary, advances that she suffered much of this harassment while

---

[1] Plaintiff's Amended Complaint alleges "cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, such crimes and civil tortuous [sic] acts committed by those defendants as described below." Doc. 7 at 1.
[2] Doc. 7 at 10.

1

residing part time in Louisiana; Defendants are allegedly domiciled in states other than Delaware.[3]

Specifically, Plaintiff's Motion requests that:

> this Court . . . immediately cease these defendants' continual and ongoing pattern of online public broadcasts on YouTube channels and in online public chat rooms comments and posting, which amount to their cyber stalking, harassment, defamation, and actual threats to [Plaintiff's] safety, as well [sic] public online broadcasted attacks upon [Plaintiff's] reputation, business interests, life and safety.[4]

Plaintiff seeks a TRO from this Court "prohibiting [Defendants'] described ongoing and persistent harassment of [Plaintiff], which are both criminal violations and civil tortuous [sic] acts committed by those defendants as described in her foregoing Complaint/Petition."[5]

Federal Rule of Civil Procedure 65 states that a court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[6] Plaintiff's Complaint and Amended Complaint are not verified, and although one references Plaintiff's affidavit in multiple paragraphs, no such document is attached to either pleading. Thus, Plaintiff has failed to comply with Federal Rule of Civil Procedure 65.

---

[3] *Id.* at 4–7. Plaintiff also alleges an amount in controversy in excess of $75,000. *Id.* at 4.
[4] Doc. 8 at 4.
[5] *Id.*
[6] FED. R. CIV. PROC. 65(b)(1)(A).

Even if Plaintiff had met her procedural burden under Rule 65, however, this Court would find that she is not entitled to a TRO. Under Rule 65, a TRO or preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.[7] The Court finds that Plaintiff has not made this showing.

Plaintiff fails to show a substantial threat that failure to grant the injunction will result in irreparable injury. "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury."[8] "There must be more than 'an unfounded fear on the part of the applicant.'"[9] "Accordingly, the party seeking a preliminary injunction must show that the threatened harm is 'more than mere speculation.'"[10]

Plaintiff states that she "fears for her personal safety, her reputation, and that of her family and business associates," but she provides no proof to corroborate her fear.[11] The exhibits attached to Plaintiff's motion, and those submitted separately to the Court, do not support the claim that Plaintiff is in

---

[7] Albright v. City of New Orleans, 46 F. Supp. 2d 523, 532 (E.D. La. 1999), *aff'd in part*, 237 F.3d 631 (5th Cir. 2000).
[8] Monumental Task Committee, Inc. v. Foxx, 157 F. Supp. 3d 573, 583 (E.D. La. 2016) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (internal quotations omitted).
[9] *Id.* (quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985)).
[10] *Id.* (quoting Janvey v. Alguire, 647 F.3d 585, 601 (5th Cir. 2011)).
[11] Doc. 7 at 19.

danger.[12] While the exhibits include proof of inappropriate, offensive remarks directed towards Plaintiff in YouTube chat rooms, the language does not rise to the level of threats of violence or sexual abuse. Although Plaintiff's video evidence documents some disturbing behavior from an individual who is allegedly one of the Defendants, the videos do not indicate that that behavior was directed at Plaintiff or that similar behavior threatens her immediately.[13] Plaintiff's email correspondence between herself and YouTube corroborates her claim that the individuals allegedly running these YouTube channels are engaging in inappropriate conduct. Again, however, those emails contain no proof of imminent harm or danger to Plaintiff.

Plaintiff further argues, "In the United States Fifth Circuit, irreparable harm is presumed from violations of civil rights statutes that provide for injunctive relief."[14] However, in all of Plaintiff's briefing, there is no identification of a civil rights statute that Defendants allegedly violated. The only federal statutes identified by Plaintiff are criminal ones. Thus, Plaintiff has failed to show a substantial threat that failure to grant the injunction will result in irreparable injury.

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

**IT IS FURTHER ORDERED** that a preliminary injunction hearing is to be set by the case manager.

---

[12] *See* Doc 8 Exhibits 1–9.

[13] Exhibit 6 contains a video depicting someone whom Plaintiff alleges is making a threat towards her, but the video is so short and the audio so poor that the Court cannot say definitively that Plaintiff has received a threat.

[14] Doc. 3-1 at 21 (citing *EEOC v. Cosmair*, 821 F.2d 1085, 1090 (5th Cir. 1987))

New Orleans, Louisiana this 18th day of October, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**