UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE BROWN,<br>Plaintiff,<br><br>v.<br><br>MINYANGO TOKPAH *ET AL.*<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:21-cv-01844-JTM-JVM<br>Section: "H" (1)<br><br>COMPLAINT FOR<br>INJUNCTIVE RELIEF<br>& DAMAGES |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF MOTION FOR A MORE DEFINITE STATEMENT

Defendant Andrea Stewart ("Stewart") files this motion for a more definite statement, as authorized by Federal Rule of Civil Procedure 12(e) for the reasons set forth below.

### I. Introduction

1.  Plaintiff Catherine Brown is domiciled in the State of Delaware; defendant Stewart is domiciled in the State of California. The other defendants are domiciled around the United States, but none are domiciled in the State of Louisiana.

2.  Plaintiff sued defendants seeking injunctive relief and damages alleged violation(s) of the expired Violence Against Women Act 42 U.S.C. ch. 136 et. seq. (expired on February 15, 2019, long before any of the dates referenced in the current complaint [Rec. Doc. 7]) and:

> 1) "continual and ongoing pattern of cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, such crimes and civil tortuous acts";[1]
> 2) "continuing pattern of intentional continual and ongoing pattern of cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, which are in violation of several Federal and State of Louisiana laws";[2]

---

[1] Rec. Doc. 7, p. 1, para. 1, ll. 6-8.
[2] Rec. Doc. 7, p. 2, para. 3, ll. 4-7.

    3) "threats, extortion and harassment"[3]
    4) "attacked, assaulted and threatened"[4];
    5) "continuing pattern of intentional continual and ongoing pattern of cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, which are in violation of several Federal and State of Louisiana laws"[5]

3.    The complaint is so vague and ambiguous that defendant Stewart cannot file a responsive pleading more than simply say that plaintiff, with regard to Stewart, has failed to comply with Fed. R. Civ. P. 8(a) and (d)(1) as well as 9(f). Therefore, the court should require plaintiff to amend the "First Supplemental and Amending Complaint/Petition for Damagers…" [Rec. Doc. 7] with a more definite statement of the suit—i.e., to cite the law and allege the minimum required elements of (1) the court's subject matter jurisdiction, (2) the court's personal jurisdiction over defendant Stewart, (3) each federal or state crime and tort alleged to have been committed by Stewart, including the time and place for plaintiff and defendant Stewart for each alleged incident.

## II. Law

### A. Standard for Pleadings

4.    Generally, a plaintiff must give fair notice of a claim by providing a short and plain statement of the claim showing that the plaintiff is entitled to relief.[6] Although the plaintiff is not required to provide detailed factual allegations, the statement of the claim must include plausible factual allegations concerning all material elements of the claim.[7] Thus, to avoid a dismissal

---

[3] Rec. Doc. 7, p. 3, para. 2, ll. 8-9.
[4] Rec. Doc. 7, p. 3, para. 3, l. 3.
[5] Rec. Doc. 7, p. 4, para. 2, ll. 4-7.
[6] FED. R. CIV. P. 8(a)(2); **Erickson v. Pardus**, 551 U.S. 89, 93 (2007); **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007); *see* **Renfro v. Unisys Corp.**, 671 F.3d 314, 320 (3d Cir.2011) (FED. R. CIV. P. 8 requires "showing"—rather than blanket assertion—of entitlement to relief); *see also* **Vibe Micro, Inc. v. Shabanets**, 878 F.3d 1291, 1294–95 (11th Cir.2018) (shotgun pleadings, which do not give defendants adequate notice of claims against them or grounds on which each claim rests, violate FED. R. CIV. P. 8(a)(2)).
[7] *See* **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009); **McCleary-Evans v. Maryland DOT**, 780 F.3d 582, 586–87 (4th Cir.2015); **Lormand v. US Unwired, Inc.**, 565 F.3d 228, 232 (5th Cir.2009).

under Fed. R. Civ. P.12(b)(6) for failure to state a claim, the plaintiff must (1) give the defendant fair notice of the nature of the claim and (2) provide plausible factual allegations to support the claim.[8]

### B. Grounds

5.  A motion for a more definite statement is appropriate only when the complaint is so unintelligible that a responsive pleading cannot be framed.[9] FRCP 12(e) requires the defendant to identify the defects in the complaint and the details it wants to be included.[10] If a specific fact is not included in a complaint and it may be dispositive (e.g., a specific date for the defense of limitations or exhaustion of administrative remedies), the defendant should file a motion for a more definite statement asking for that specific fact.[11]

### C. Standard

6.  The complaint must provide fair notice of the claim by including allegations that outline the elements of the claim.[12] That is, the plaintiff's factual allegations must be sufficient to notify the defendant of the nature and basis of the claim and the type of litigation involved.[13] The allegations must be simple, concise, and direct.[14] A complaint that provides only labels and

---

[8] **Eclectic Props. E., LLC v. Marcus & Millichap Co.**, 751 F.3d 990, 996 (9th Cir.2014); **Adams v. City of Indianapolis**, 742 F.3d 720, 728–29 (7th Cir.2014); **Ocasio-Hernández v. Fortuño-Burset**, 640 F.3d 1, 12 (1st Cir.2011); see **Iqbal**, 556 U.S. at 678–79; **Erickson**, 551 U.S. at 93; **Twombly**, 550 U.S. at 555–56 & n.3.
[9] FRCP 12(e); **Sisk v. Texas Parks & Wildlife Dept.**, 644 F.2d 1056, 1059 (5th Cir.1981); see FRCP 8(a)(2); **Martin v. Malhoyt**, 830 F.2d 237, 261 n.74 (D.C.Cir.1987).**Bureerong v. Uvawas**, 922 F.Supp. 1450, 1461 (C.D.Cal.1996); **Taylor v. Cox**, 912 F.Supp. 140, 143 (E.D.Pa.1995).
[10] See **Pits, Ltd. v. American Express Bank Int'l**, 911 F.Supp. 710, 720 (S.D.N.Y.1996).
[11] See **Casanova v. Ulibarri**, 595 F.3d 1120, 1125 (10th Cir.2010); Wright and Miller et al., Federal Practice and Procedure, Civil § 1376 (3d ed.) (footnote 44).
[12] See **Starr v. Baca**, 652 F.3d 1202, 1216 (9th Cir.2011); **Brooks v. Ross**, 578 F.3d 574, 581 (7th Cir.2009); see also **Iqbal**, 556 U.S. at 678 (complaint must provide more than accusation that "defendant unlawfully harmed me").
[13] **Topchian v. JPMorgan Chase Bank**, 760 F.3d 843, 848 (8th Cir.2014); **Burlington Indus. v. Milliken & Co.**, 690 F.2d 380, 390 (4th Cir.1982); see **Erickson**, 551 U.S. at 93; **Nalco Co. v. Chem-Mod, LLC**, 883 F.3d 1337, 1347 (Fed.Cir.2018); **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir.2011).
[14] FED. R. CIV. P. 8(d)(1); **Stanard**, 658 F.3d at 797; see **Simmons v. Abruzzo**, 49 F.3d 83, 86 (2d Cir.1995).

3

conclusions or a formulaic recitation of the elements without sufficient supporting facts is insufficient to show "grounds" for the plaintiff to be entitled to relief.[15] Legal conclusions—even cast in the form of factual allegations—are not assumed to be true and, without more, do not suffice.[16] In the past, when evaluating a facial attack to subject-matter jurisdiction based on lack of standing, some courts applied the plausibility standard for determining Fed. R. Civ. P. 12(b)(6) motions.[17] In 2009, the Supreme Court made clear that this standard applies to all civil cases pursuant to Fed. R. Civ. P. 8(a)(2).[18] In 2014, the Supreme Court clarified that the issue is not a lack of subject matter jurisdiction but rather "of a valid (as opposed to arguable) cause of actions."[19] To determine whether a plaintiff has statutory standing, the court applies the zone-of-interests test, which asks whether a statutory cause of action encompasses a particular plaintiff's claim.[20]

### D. Fair Notice

7.    The complaint must provide fair notice of the claim by including allegations that outline the elements of the claim.[21] That is, the plaintiff's factual allegations must be sufficient to notify the defendant of the nature and basis of the claim and the type of litigation involved.[22] The

---

[15] **Iqbal**, 556 U.S. at 678; **Twombly**, 550 U.S. at 555; **Francis v. Giacomelli**, 588 F.3d 186, 193 (4th Cir.2009); **Brooks**, 578 F.3d at 581.

[16] See **Iqbal**, 556 U.S. at 678; **Moss v. U.S. Secret Serv.**, 572 F.3d 962, 969 (9th Cir.2009); see, e.g., **McTernan v. City of York**, 577 F.3d 521, 531 (3d Cir.2009) (in First Amendment case, protesters alleged ramp was public forum, but that allegation was legal conclusion and thus was not accepted as true; protesters failed to state First Amendment claim).

[17] E.g., Silha, 807 F.3d at 174; In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243–44 (3d Cir.2012); see also Maya v. Centex Corp., 658 F.3d 1060, 1067–68 (9th Cir.2011).

[18] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

[19] Lexmark Int'l v. Static Control Components, Inc., 572 U.S. 118, 128–29 & n.4.

[20] See Bank of Am. Corp. v. City of Miami, U.S. , 137 S.Ct. 1296, 1302–03 (2017); Lexmark Int'l, 572 U.S. at 128–29 & n.4.

[21] See **Starr v. Baca**, 652 F.3d 1202, 1216 (9th Cir.2011); **Brooks v. Ross**, 578 F.3d 574, 581 (7th Cir.2009); see also **Iqbal**, 556 U.S. at 678 (complaint must provide more than accusation that "defendant unlawfully harmed me").

[22] **Topchian v. JPMorgan Chase Bank**, 760 F.3d 843, 848 (8th Cir.2014); **Burlington Indus. v. Milliken & Co.**, 690 F.2d 380, 390 (4th Cir.1982); see **Erickson**, 551 U.S. at 93; **Nalco Co. v. Chem-Mod, LLC**, 883 F.3d 1337, 1347 (Fed.Cir.2018); **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir.2011).

allegations must be simple, concise, and direct.[23] A complaint that provides only labels and conclusions or a formulaic recitation of the elements without sufficient supporting facts is insufficient to show "grounds" for the plaintiff to be entitled to relief.[24] Legal conclusions—even cast in the form of factual allegations—are not assumed to be true and, without more, do not suffice.[25] In the past, when evaluating a facial attack to subject-matter jurisdiction based on lack of standing, some courts applied the plausibility standard for determining Fed. R. Civ. P. 12(b)(6) motions.[26] In 2009, the Supreme Court made clear that this standard applies to all civil cases pursuant to Fed. R. Civ. P. 8(a)(2).[27] In 2014, the Supreme Court clarified that the issue is not a lack of subject matter jurisdiction but rather "of a valid (as opposed to arguable) cause of actions."[28] To determine whether a plaintiff has statutory standing, the court applies the zone-of-interests test, which asks whether a statutory cause of action encompasses a particular plaintiff's claim.[29]

### E. Plausibility

8.      The factual allegations supporting the elements of the claim must be sufficient to make the claim plausible; they cannot be merely conceivable, possible, or conclusory.[30] The plausibility determination should be made for the claim as a whole, not for each individual allegation.[31]

---

[23] FED. R. CIV. P. 8(d)(1); Stanard, 658 F.3d at 797; see Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995).
[24] Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009); Brooks, 578 F.3d at 581.
[25] See Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.2009); see, e.g., McTernan v. City of York, 577 F.3d 521, 531 (3d Cir.2009) (in First Amendment case, protesters alleged ramp was public forum, but that allegation was legal conclusion and thus was not accepted as true; protesters failed to state First Amendment claim).
[26] E.g., Silha, 807 F.3d at 174; In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243–44 (3d Cir.2012); see also Maya v. Centex Corp., 658 F.3d 1060, 1067–68 (9th Cir.2011).
[27] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).
[28] Lexmark Int'l v. Static Control Components, Inc., 572 U.S. 118, 128–29 & n.4.
[29] See Bank of Am. Corp. v. City of Miami, U.S., 137 S.Ct. 1296, 1302–03 (2017); Lexmark Int'l, 572 U.S. at 128–29 & n.4.
[30] See Iqbal, 556 U.S. at 678–79; McCleary-Evans, 780 F.3d at 585–86.
[31] Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir.2012); see Rodríguez-Reyes v. Molina-Rodríguez,

F. Degree of Factual Specificity

9. The factual allegations do not need to be detailed, but they must provide more than only labels or conclusions.³² They also cannot be indeterminate; if they are, more factual content is required.³³ The level of specificity required most likely increases as the complexity of the claim increases.³⁴

G. Time & Place

10. Allegations of time and place are material and should be pleaded with particularity when the substantive nature of the case requires it.³⁵ Fed. R. Civ. P. 9(f) facilitates the identification and isolation of the event at issue and provides a mechanism for the early adjudication of certain claims and defenses (e.g., statute of limitations).³⁶ Allegations of time may be made with the qualification of "on or about" a certain date.

---

711 F.3d 49, 55 (1st Cir.2013) (there does not need to be one-to-one relationship between any single allegation and a necessary element of cause of action).

³² **Twombly**, 550 U.S. at 555; *e.g.*, **Sheppard v. David Evans & Assoc.**, 694 F.3d 1045, 1048–49 (9th Cir.2012) (although complaint was brief, P had straightforward claim of discrimination that was plausible); *see* **McCleary-Evans**, 780 F.3d at 585; **A.G. v. Elsevier, Inc.**, 732 F.3d 77, 81 (1st Cir.2013).

³³ **Braden v. Wal-Mart Stores**, 588 F.3d 585, 594 (8th Cir.2009); *see* **Pruell**, 678 F.3d at 15 (complaints cannot be based on generalities); **Brooks**, 578 F.3d at 581 (factual detail cannot be sketchy).

³⁴ **McCauley**, 671 F.3d at 616–17; *see* **Pruell**, 678 F.3d at 14; **Khalik**, 671 F.3d at 1191; *see also* **Kadamovas v. Stevens**, 706 F.3d 843, 844–45 (7th Cir.2013) (100-page complaints regularly survive motions to dismiss).

³⁵ *See* FED. R. CIV. P. 9(f); **Huckabay v. Moore**, 142 F.3d 233, 240–41 & n.7 (5th Cir.1998), *overruled on other grounds*, **Heath v. Board of Supervisors for the S. Univ. & Agric. & Mech. Coll.**, 850 F.3d 731 (5th Cir.2017); *see, e.g.*, **Bankest Imps., Inc. v. ISCA Corp.**, 717 F.Supp. 1537, 1539 (S.D.Fla.1989) (D alleged sufficient facts of time and place to survive motion to dismiss, but court ordered more definite statement when events spanned seven years); **UD Tech. v. Phenomenex, Inc.**, No. 05-842-GMS, 2007 WL 28295 (D.Del.2007) (slip op.; 1-4-07) (in pleading contract claim, P should have specified time when contract was signed to identify document that was subject matter of dispute).

³⁶ *See* **Kincheloe v. Farmer**, 214 F.2d 604, 605 (7th Cir.1954); **Jairett v. First Montauk Secs. Corp.**, 203 F.R.D. 181, 186 (E.D.Pa.2001); *see also* **Huckabay**, 142 F.3d at 240–41 (although dates and times lend credibility to P's case and their omission may undermine it, they are not prerequisite to recovery).

H. Well-Pleaded-Complaint Rule

11.     The presence or absence of a federal question is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.[37]  The well-pleaded-complaint rule confines the search for federal-question jurisdiction to the face of the complaint.[38]  The plaintiff is considered the master of its complaint and may avoid federal jurisdiction by relying exclusively on state law.[39] Federal courts do not have to consider responsive pleadings in determining whether a case arises under federal law.[40]

I. Federal Question Jurisdiction

12.     A district court has federal-question jurisdiction when an action arises under the Constitution, laws, or treaties of the United States.[41] Federal courts do not automatically possess the authority to hear and determine every type of action conceivably authorized by the U.S. Constitution.[42]  Instead, Article 3 of the U.S. Constitution specifies the outer limits of federal subject-matter jurisdiction, and within those limits, federal courts can hear and determine only

---

[37] **Rivet v. Regions Bank**, 522 U.S. 470, 475 (1998); **Caterpillar Inc. v. Williams,** 482 U.S. 386, 392 (1987); **Stillaguamish Tribe of Indians v. Washington**, 913 F.3d 1116, 1118 (9th Cir.2019); **Rice v. Office of Servicemembers' Grp. Life Ins.**, 260 F.3d 1240, 1245 (10th Cir.2001).

[38] **Retail Prop. Trust v. United Bhd. of Carpenters & Joiners,** 768 F.3d 938, 947 (9th Cir.2014); **Barone v. Bausch & Lomb, Inc.**, 372 F.Supp.3d 141, 146 (W.D.N.Y.2019);  see **Franchise Tax Bd. v. Construction Laborers Vacation Trust**, 463 U.S. 1, 10 (1983); **Ortiz-Bonilla v. Federación de Ajedrez de P.R., Inc.**, 734 F.3d 28, 34 (1st Cir.2013).

[39] . **Caterpillar**, 482 U.S. at 392; **Easton v. Crossland Mortg. Corp.**, 114 F.3d 979, 982 (9th Cir.1997).

[40] **Vaden v. Discover Bank**, 556 U.S. 49, 60–61 (2009).

[41] U.S. Const. art. 3, § 2; 28 U.S.C. § 1331; **Gunn v. Minton**, 568 U.S. 251, 257 (2013); **Empire Healthchoice Assur., Inc. v. McVeigh**, 547 U.S. 677, 689–90 (2006); **Exxon Mobil Corp. v. Allapattah Servs.**, 545 U.S. 546, 552 (2005); see **Bender v. Williamsport Area Sch. Dist.**, 475 U.S. 534, 541 (1986); **Heckler v. Ringer**, 466 U.S. 602, 614–15 (1984); see also **Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.**, 545 U.S. 308, 312 (2005) (federal jurisdiction may be appropriate over certain state-law claims that implicate significant federal issues).

[42] **Nolan v. Boeing Co.**, 919 F.2d 1058, 1064 (5th Cir.1990).

those cases that Congress authorizes by statute.[43]

13. A case arises under federal law if a well-pleaded complaint establishes that either (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.[44] For example, federal-question jurisdiction may be based on a civil action alleging a violation of the U.S. Constitution.[45] To determine whether it has federal-question jurisdiction, the court must consider the degree to which federal law is at the forefront of the case—not collateral, peripheral, or remote.[46] The federal courts have diversity jurisdiction when the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.[47] When a suit is based on diversity jurisdiction, the parties to the suit must be completely diverse—no plaintiff can be a citizen of the same state as any defendant.[48]

## J. Personal Jurisdiction

14. Plaintiff has wholly failed to (1) provide the statute or rule relied on for service of process and how it authorizes service on the nonresident defendant Stewart or (2) explain why the court's exercise of jurisdiction over the defendant does not violate due process.[49]

---

[43] **Nolan**, 919 F.2d at 1064.
[44] **Empire Healthchoice Assur., Inc. v. McVeigh**, 547 U.S. 677, 689–90 (2006); **Ortiz-Bonilla v. Federación de Ajedrez de P.R., Inc.**, 734 F.3d 28, 34 (1st Cir.2013); **Singh v. Duane Morris LLP**, 538 F.3d 334, 337–38 (5th Cir.2008); *see* **Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.**, 545 U.S. 308, 312 (2005).
[45] *See* **Bivens v. Six Unknown Named Agents**, 403 U.S. 388, 396–97 (1971).
[46] *See* **Merrell Dow Pharms. v. Thompson**, 478 U.S. 804, 813–14 & n.11 (1986); **Howery v. Allstate Ins.**, 243 F.3d 912, 917 (5th Cir.2001); *see also* **Ortiz-Bonilla**, 734 F.3d at 34 (no mechanical test for determining when action "arises under federal law").
[47] *See* 28 U.S.C. § 1332(a).
[48] 28 U.S.C. § 1332(a)(1); *see* U.S. Const. art. 3, § 2, cl. 1; **MacGinnitie v. Hobbs Grp.**, 420 F.3d 1234, 1239 (11th Cir.2005); **Safeco Ins. v. City of White House**, 36 F.3d 540, 545 (6th Cir.1994); *see* **Carden v. Arkoma Assocs.**, 494 U.S. 185, 187 (1990); **Ravenswood Inv. Co. v. Avalon Corr. Servs.**, 651 F.3d 1219, 1223 (10th Cir.2011).
[49] *See* **Omni Capital Int'l v. Rudolf Wolff & Co.**, 484 U.S. 97, 102–04 (1987); **Wenz v. Memery Crystal**, 55

K. Venue

16. Venue in federal court is governed by statute, not by the FRCPs.[50] Once a plaintiff determines there is federal jurisdiction over the subject matter of the suit, it must decide in which federal court to file the suit.[51] Unlike personal or subject-matter jurisdiction, both of which address a court's power to adjudicate a case between the parties, the concept of venue is designed to protect the defendant and the witnesses against the plaintiff's choice of an unfair or inconvenient forum.[52] Venue is determined when the suit is filed, not when the cause of action arose.[53] In cases involving multiple parties and multiple claims, venue must be proper for each defendant and each claim.[54]

L. Defamation

16. Plaintiff appears to allege that defendant Stewart was somehow involved in defaming Plaintiff, but the elements of defamation are not provided…other than mere conclusory assertions. The Louisiana Supreme Court, in Costello v. Hardy, discussed the elements of the tort of defamation:

> Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name.[55] "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning

---

[] F.3d 1503, 1506–07 (10th Cir.1995); U.S. v. Ferrara, 54 F.3d 825, 828 (D.C.Cir.1995).
[50] See Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979).
[51] See 28 U.S.C. § 1390.
[52] Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979); Daniel v. American Bd. of Emerg. Med., 428 F.3d 408, 432 (2d Cir.2005); Wright and Miller et al., Federal Practice and Procedure, Jurisdiction and Related Matters § 3801 (4th ed.); see also Firstar Bank v. Faul, 253 F.3d 982, 989–90 (7th Cir.2001) (primary purpose of venue statutes is to limit inconvenience to parties); Hoover Grp. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed.Cir.1996) (venue requirements are for benefit of defendants).
[53] See Tenefrancia v. Robinson Exp. & Imp. Corp., 921 F.2d 556, 558 n.2 (4th Cir.1990).
[54] Sheppard v. Jacksonville Mar. Sup., 877 F.Supp. 260, 269 (D.S.C.1995); see Davis v. Advantage Int'l, 818 F.Supp. 1285, 1286 (E.D.Mo.1993); Wright and Miller et al., Federal Practice and Procedure, Jurisdiction and Related Matters §§ 3807, 3808 (4th ed.).
[55] Fitzgerald v. Tucker, 98-2313, p. 10 (La.6/29/99), 737 So.2d 706, 715; Trentecosta v. Beck, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559; Sassone v. Elder, 626 So.2d 345, 350 (La. 1993).

another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[56] The fault requirement is often set forth in the jurisprudence as malice, actual or implied.[57] Thus, in order to prevail on a defamation claim, a plaintiff must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages."[58] [59]

### III. Argument

17. A motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response.[60] Plaintiff's complaint asserts subject matter and personal jurisdiction generally over all defendants, although the defendants are in different states. Plaintiff wholly fails to provide information explaining why venue could be proper in this jurisdiction. None of the parties is domiciled in this jurisdiction. Plaintiff alleges that she was "attacked, assaulted and threatened"[61] but fails to provide sufficient facts to establish more than a bald, presumptive assertion without any factual support. Plaintiff wholly fails to even assert that defendant Stewart has any connection to this jurisdiction.

18. Regarding the alleged causes of action; there are none, other than alleged facts that are so rambling, conclusory, and lacking in clear specific facts as to leave the pleading so vague and ambiguous that defendant cannot file a response.

19. Specifically, plaintiff appears to allege that she was harmed by statement made by

---

[56] Trentecosta, 96-2388 at 10, 703 So.2d at 559 (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)).
[57] See, Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element); 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 17.4 at 312 (2000).
[58] Trentecosta, 96-2388 at 10, [5 So.3d 867] 703 So.2d at 559 (quoting Sassone, 626 So.2d at 350).
[59] Cyprien v. Bd. of Sup'Rs ex rel. U. of La., 5 So.3d 862, 243 Ed. Law Rep. 991 (La. 2009)(citing in Costello v. Hardy, 03-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139).
[60] Fed. R. Civ. P. 12(e); see Fed. R. Civ. P. 8(a)(2); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983-84 (11th Cir. 2008).
[61] Rec. Doc. 7, p. 3, para. 3, l. 3.

10

defendant, but the elements listed above have not been provided—e.g., the exact words used defendant Stewart and context are not provided. What is provided, in the form of long and often rambling conversations, gives the impression the parties merely have differing opinions. No police report records were provided or cited, leading defendant Stewart to conclude that plaintiff is referencing one or more complaints called in to police, who promptly disregarded the calls.

### IV. Conclusion

20. Because plaintiff has not pleaded enough facts to allow defendant Stewart to file a responsive pleading, the court should require plaintiff to amend her complaint with a more definite statement of the suit specifically addressing the issues raised herein.

Dated: January 5, 2022                    DAVID W. NANCE LAW FIRM LLC


                                          /s/ David W. Nance

                                          By: _____

                                          David W. Nance (La. Bar #25467)
                                          DAVID W. NANCE LAW FIRM, LLC
                                          3912 Constance Street
                                          New Orleans, Louisiana 70115
                                          (504) 450-3938 direct
                                          (504) 355-1669 fax
                                          david@dwnlaw.com

                                          COUNSEL FOR DEFENDANT
                                          ANDREA STEWART

CERTIFICATE OF SERVICE

I hereby certify that, on January 5, 2022, I electronically filed the foregoing document with the Clerk of Court and all counsel of record, via the CM/ECF system, on behalf of Defendant Andrea M. Stewart.

By: /s/ David W. Nance
_____
DAVID W. NANCE