## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHERINE BROWN,** | : | **CIVIL NO. 2:21-CV-01844** |
| | : | **SECTION "H" (1)** |
| **PLAINTIFF,** | : | |
| | : | **JUDGE:    MILAZZO** |
| **V.** | : | |
| | : | **MOTION TO DISMISS** |
| **MINYANGO TOKPAH, ET AL.** | : | **FEDERAL RULES OF CIVIL** |
| | : | **PROCEDURE: 12(b)(2)** |
| **DEFENDANT,** | : | **12(b)(3); 12(b)(4); 12(b)(5);** |
| | : | **12(b)(6)** |
| | : | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

October 13, 2021, Plaintiff filed a First Supplemental and Amending Amended Complaint/Petition for Damages with related Request for Preliminary Injunction, Contradictory Hearing, and Temporary Restraining Order ("Amended Complaint"). According to Plaintiff the Amended Complaint was filed "to remove any errors contained in her original filing[1] among other reasons, "to clarify the basis of her claims and the proper basis to proceed in this Court." *(Amended Complaint at p. 2)*. Plaintiff included all assertions from the Initial Amended Complaint and added several more.

Plaintiff accused the Defendants, collectively, of violating federal criminal statutes[2] and committing state 'civil tortuous acts' by allegedly engaging in "continual and ongoing pattern of

---

[1] On October 8, 2021, Plaintiff filed a Complaint/Petition for Damages with Related Request for Preliminary Injunction, Contradictory Hearing, and Temporary Restraining Order ("Initial Complaint") naming nineteen defendants, including Ms. Brunson.

[2] **Violence Against Women Act ("VAWA") of 2005, as amended in 2013.** 42 USC 1346 §§ 13925-14045; Interstate Partner Cyber, US Code 18 § 2261A; **Obscene or**

cyber stalking, harassment, defamation, threats to [Plaintiff's] life and safety, and other cyber and online harassment." (*Amended Complaint at p. 1- 2*). Specifically, Plaintiff wrongfully asserts that Ms. Brunson was, "also known as or conducting business as the "THE GOOD GUYS," a YouTube or Internet online broadcast channel, and/or any other business, all, and the person who personally, or through others affiliated with herself or her business, intentionally acted to incite or further the continual and ongoing pattern of cyber stalking, harassment, defamation, threats to Petitioner's life and safety, often racial based criticisms, threats and attacks upon her and other cyber and online harassment, such crimes and civil tortuous acts committed by those defendants as described below." (*Amended Complaint at p. 6-7*).

Plaintiff alleged that the nineteen defendants are "on-line internet groups of individuals and groups that have used YouTube© Channel on-line broadcasts to threaten and harass Plaintiff, pay individuals to harass others due to their opposition to Pan African Activist, Dr. Umar Johnson, whom they believe Plaintiff is aligned with. Plaintiff asserts that defendants' collective goal is to "harass, defame and publicly humiliate any individual that might support or sympathize with Dr. Umar Johnson." *(Amended Complaint at p. 10-11)*. Plaintiff erroneously stated, without providing any documentary proof, that Ms. Brunson is "to Petitioner's understanding, the attorney for and a collaborator with several defendant entities." *(Amended Complaint at p. 27)*.

Within the Amended Complaint, Plaintiff asserts that, "On or about June 7, 2021, Petitioner received from [Ms. Brunson] an actual written "Cease and Desist" Letter addressed to the Petitioner, instructing Petitioner that all contact regarding defendant TCTV should be directed to her office. *(Amended Complaint, at pp. 28-29)*.

---

**Harassing Telephone Calls in the District of Columbia or in Interstate or Foreign Communications**, 47 U.S.C. Section 223(a)(1)(c) & (h)(1)(b).

Plaintiff's Amended Complaint includes a photocopy of the Cease-and-Desist letter received by Plaintiff.   The correspondence, written by Ms. Brunson, contains none of the statements Plaintiff attributes to her in the Amended Complaint. The Cease-and-Desist letter was mailed from Pennsylvania via U.S. First Class Mail to Plaintiff's domicile/business address in Newark, Delaware.   *(See Attached Defendant's Exhibit A – Cease and Desist Correspondence dated June 7, 2021).*

## LAW AND ARGUMENT

**I.     The Amended Complaint Should Be Dismissed under Rule 12(b)(2) because the Louisiana Federal Court Lacks Personal Jurisdiction Over Defendant Brunson.**

Rule 12(b)(2) of the Federal Rules of Civil Procedure require dismissal of an action when the court lacks personal jurisdiction over a defendant. "When a foreign defendant moves to dismiss a Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2), and the Court rules on the motion without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case that the Court has personal jurisdiction over a defendant." *Monkton Ins. Servs., Ltd. V. Ritter, 768 F.3d 429, 431 (5th Cir. 2014)*; *Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)*. If the defendant disputes the factual bases for jurisdiction, "the court may receive affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery, in resolving a motion to dismiss for lack of personal jurisdiction." *Revell v. Lidov, 317 F. 3d 467, 469 (5th Cir. 2002); Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008)*

"It is well-established that a court may exercise personal jurisdiction over a non-resident defendant if: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson, 167 F. 3d 208, 211 (5th Cir.*

5

1999)(quoting *Int'l Shoe Co. v. Washington, 326 U.S. 210, 316 (1945)).* The "Fourteenth Amendment Due Process clause requires satisfaction of a two-prong test in order for a federal court to properly exercise jurisdiction: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice." *Freudensprung v. Offshore Tech. Serv., Inc., 379 F.3d 327, 343 (5th Cir. 2004). (Citing Asarco, Inc. v. Glenora, Ltd., 912 F.2d 784 (5th Cir. 1990) and Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).*

"The 'minimum contacts' prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewick, 471 U.S. 462, 474 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).* "The nonresident defendant's availment must be such that the defendant, "should reasonably anticipate being hailed into court" in the forum state. *Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).* "This test "ensures that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King, 471 U.S. at 475.* "Sufficient minimum contacts will give rise to either specific or general jurisdiction," *Monkton Ins. Servs., Ltd. V. Ritter, 768 F.3d 429, 431 (5th Cir.2014).*

"Specific jurisdiction arises out of or relates to a defendant's contacts with the forum." *Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1994).* The Fifth Circuit applies a three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities towards the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the

plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id. At 433.*

General jurisdiction exists when the defendant's "affiliations with and activities within the forum state are so 'continuous and systemic' as to render it essentially at home in the forum state, regardless of whether such activity is related to the plaintiff's cause of action." *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).*

Here, Plaintiff has failed to allege or establish either specific jurisdiction or general jurisdiction over Ms. Brunson which would justify hailing her into court in Louisiana.

**A.   Louisiana Court's Exercise of Personal Jurisdiction over Ms. Brunson is Not Appropriate Under Louisiana's Long-Arm Statute.**

Personal jurisdiction over a non-resident defendant may be determined by the state's long-arm statute and the due process clause. *ICEE Distrib., Inc. v. J & J Snack Foods, 325 F. 3d 586, 591 (5th Cir. 2003).* Because Louisiana's long-arm statute extends to the limits of the due process clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process. *See Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999).*

Under Louisiana's long-arm statute, a court may exercise personal jurisdiction when the claim arises from, specific, enumerated contact by the defendant with the state of Louisiana.[3]

---

[3] Louisiana Long-Arm Statute, A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident: (1) Transacting any business in Louisiana; (2) Contracting to supply services or things in Louisiana; (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in Louisiana; (4) Causing injury or damage in Louisiana by an offense or quasi offense committed through an act or omission outside of Louisiana if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in Louisiana; or... (8) Manufacturing of a product or component thereof which caused damage or injury in Louisiana, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in Louisiana by reason of its nature and the manufacturer's marketing practices. B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any

Here, Plaintiff alleges that she has been, "harassed, threatened, attacked, and defamed by [the nineteen named and unnamed] defendants via the YouTube© online platform" from February 2021 until the filing of her Amended Complaint in October 2021. *(Plaintiff's Amended Complaint, pp. 1-52)*. Plaintiff further alleges that Ms. Brunson injured her by sending her a 'Cease & Desist' letter that Plaintiff received "on or about June 7, 2021," which she included as an exhibit with her Amended Complaint. *(See Defendant Exhibit A)*. The alleged offending Cease and Desist letter was drafted by Ms. Brunson in Pennsylvania and mailed to Plaintiff's residence/place of business in the state of Delaware (Newark). On or about June 9, 2021, Plaintiff called Ms. Brunson and admitted that she received the Cease-and-Desist letter in the state of Delaware. *(Ms. Brunson-Declaration)*

Plaintiff's Amended Complaint is absent any allegation or assertion that Ms. Brunson has or had any minimum contacts, or any contact at all with Louisiana, which could establish personal jurisdiction of her in the forum. Ms. Brunson has never transacted or sought to transact any business in Louisiana. Ms. Brunson has never contracted or sought to contract to supply services or things in Louisiana. Ms. Brunson has not caused injury or damage by an offense or quasi offense committed through an act or omission in Louisiana. Ms. Brunson has not caused injury or damage in Louisiana by an offense or quasi offense committed through an act or omission outside of Louisiana, because Ms. Brunson has never regularly conducted or solicited business, or engaged in any other persistent course of conduct, or derived revenue from goods used or consumed or services rendered in Louisiana. Simply stated, Ms. Brunson has never had any contact with the

---

basis consistent with the constitution of this state and of the Constitution of the United States. *La. Rev. Stat. Ann. § 13:3201 (A)(1),(2), (3), (4)... (8) and (B).*

state of Louisiana which would give rise to minimum contacts necessary for her to be hailed into court in Louisiana.

Plaintiff's Amended Complaint asserts, under a series of paragraphs entitled, "State of Jurisdiction", "Petitioner is legally domiciled in the State of Delaware and is a frequent and part-time resident of Louisiana and within this Court District on dates occurring within the time period of October 1, 2020, through the date of filing." *(Plaintiff's Amended Complaint, at p. 4)*. Plaintiff's Amended Complaint is silent regarding Ms. Brunson's contacts with the state of Louisiana such that she would be expected to be hailed into court therein. The Fifth Circuit has announced that, "the Plaintiff's residence in the forum, and suffering of harm there, will not alone support [personal] jurisdiction.   Specific jurisdiction requires specific acts toward the forum and foreseeable injury alone is not sufficient." *Mullins v. TestAmerica, Inc,* 564 F. 3d 386, 401 (5th Cir. 2009).

**B.      Exercising Personal Jurisdiction over Ms. Brunson Would Be Fundamentally Unfair.**

**1. Plaintiff's Claims Involving Ms. Brunson Arise Out of or Relate to Ms. Brunson's Activities in Pennsylvania. Ms. Brunson has absolutely no Connection to Louisiana.**

Plaintiff erroneously asserts in her Amended Complaint that Ms. Brunson is "counsel representing and also known as or conducting business as the "The Good Guys" and TCTV, a YouTube© or Internet online broadcast channel." Ms. Brunson is not counsel for "the Good Guys" and TCTV.  Plaintiff uses this false claim to assert that Ms. Brunson is "to Petitioner's understanding, the attorney for and a collaborator with several defendant entities." *(Amended Complaint at p. 28)*. Plaintiff also falsely asserts that, "on or about June 7, 2021," she received from Ms. Brunson "an actual written "Cease and Desist" letter addressed to the Petitioner, instructing Petitioner that all contact regarding defendant TCTV should be directed to her office,

this particular defendant...asserting that she was the Attorney for TCTV." *(Amended Complaint at p. 29).*

Plaintiff's ultimate claim against Ms. Brunson centers upon a Cease-and-Desist letter mailed from Pennsylvania to Plaintiff's residence/place of business in Delaware, which Plaintiff alleges establishes that Ms. Brunson is the attorney for an unnamed defendant. However, Plaintiff fails to produce documentary evidence to substantiate her false claim. Incredibly, Plaintiff submitted a copy of Ms. Brunson's Cease and Desist Letter as an exhibit to her Amended Complaint. The correspondence is absent any of the statements attributed to Ms. Brunson by the Plaintiff in her Amended Complaint. *(Defendant's Exhibit A- Cease and Desist Letter)*

Here, the correspondence mailed by Ms. Brunson from Pennsylvania to Plaintiff in Delaware, never touched Louisiana and because the correspondence does not contain threats, harassment speech or defamatory statements as falsely claimed by Plaintiff, due process would be offended by hailing Ms. Brunson into Louisiana where she has no minimum contacts and has engaged in no activities that result from alleged injuries that arise out of or relate to Plaintiff's claimed controversy or litigation.

## 2. Ms. Brunson Has Never Availed Herself of Louisiana's Privileges.

Here, Ms. Brunson, a life-long resident of Pennsylvania, who is licensed to practice law exclusively in Pennsylvania, has no minimum contacts with Louisiana has never availed herself of Louisiana's privileges—she has never visited, worked in, or entered a business or contractual relationship in Louisiana. Additionally, Ms. Brunson has never purposefully directed any activities toward or in Louisiana. Any litigation now in progress did not result from any action by Ms. Brunson, in Louisiana. According to her affidavit Ms. Brunson has never sought to engage in the practice of law in Louisiana and has not sought clients or business opportunities in Louisiana.

Plaintiff erroneously asserts in her Amended Complaint that Ms. Brunson is "counsel representing and known as or conducting business as the "The Good Guys" a YouTube or Internet online broadcast channel." This claim is not true, and Plaintiff is unable to produce documentary evidence to substantiate this false claim. Ms. Brunson is not counsel for "The Good Guys" and has never been counsel for that entity. Plaintiff's ultimate claim against Ms. Brunson center on a Cease-and-Desist letter mailed from Pennsylvania to Plaintiff's residence/place of business in Delaware. Due process would be offended by hailing Ms. Brunson into Louisiana where she has no minimum contacts at all. Ultimately, Ms. Brunson has never availed herself of Louisiana's privileges.

### 3. This Court Lacks General Personal Jurisdiction over Ms. Brunson.

General jurisdiction arises when the foreign defendant's minimal contacts are so "continuous and systemic" as to render [the defendant] essentially home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2850, 2851 (2011) (citing Int'l Shoe Co. Washington, 326 U.S. 310, 317 (1945)).*

"The continuous and systemic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum. Even repeated contacts with the forum residents by a foreign defendant may not meet the requisite substantial, continuous, and systemic contacts required for a finding of general jurisdiction," *Monkton Ins. Servs., Ltd. Ritter, 768 F. 3d 429, 432 (5th Cir. 2014).*

General jurisdiction plainly does not apply here. Here, Plaintiff has failed to provide sufficient allegations to support a finding of general jurisdiction. Plaintiff's Amended Complaint fails to include assertions surrounding Ms. Brunson's contacts with Louisiana. Ms. Brunson has no contacts with Louisiana, and certainly no purposeful minimum contacts.

11

### 4. This Court Lacks Specific Personal Jurisdiction Over Defendant.

Specific jurisdiction arises when a plaintiff's cause of action arises from or is directly related to the defendant's contact with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall, 46 U.S. 408, 414 n.8 (1984).* Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum State and litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co., 253F. 3d 865. 868 (5ᵗʰ Cir. 2001).*

Here, under the Fifth Circuit's three-step analysis to determine specific jurisdiction, it is clear, the Louisiana court lacks specific jurisdiction over Ms. Brunson. Ms. Brunson did not have any contact with the forum and had never purposely directed her activities toward the forum or purposefully avail herself of the privileges of conducting activities there. The Plaintiff's cause of action did not arise out of or result from Ms. Brunson's forum-related contacts, because Ms. Brunson has no forum-related contacts. Finally, under the facts, where Ms. Brunson has no contact with or contacts within the forum, the exercise of personal jurisdiction would be neither fair or reasonable.

### 5. The Mailing of a Cease-and-Desist Letter from Pennsylvania to Delaware Without More Does Not Confer Personal Jurisdiction in Louisiana.

Ms. Brunson's action of mailing a cease-and-desist letter from Pennsylvania to Plaintiff's home/ business location in Delaware does not confer personal jurisdiction in Louisiana to Ms. Brunson. There were no additional activities conducted by Ms. Brunson that Plaintiff could point to claim the mailing of the letter from Pennsylvania to Delaware constitutes minimum contacts needed to hail Ms. Brunson into court in Louisiana. (*See Red Wing Shoe Co. v. Hockerson-*

12

*Halberstadt, Inc., 148 F.3d 1355 (Fed Cir. 1998)* (The Federal Circuit specifically held that, for fairness reasons, cease-and-desist letters alone do not justify personal jurisdiction.)

## II. This Amended Complaint Should Be Dismissed for Improper Venue Under Federal Rule of Civil Procedure, Rule 12(b)(3).

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action due to "improper venue." Under subsection (b) of the General Venue Statute, 28 U.S.C. § 1391, a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or

(3) A judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" *28 U.S.C. § 1391 (b).*

When an action is brought in the wrong venue, the district court must dismiss the Amended Complaint or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." *28 U.S.C. § 1404 (a).[4]*

---

[4] The court's authority to dismiss an action due to improper venue is governed by 28 U.S.C. § 1406. Section 1406(a) which states that if an action is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406 (a).

When considering a Rule 12(b)(3) motion, the court accepts all undisputed facts in the plaintiff's pleadings as true, and factual conflicts are resolved in the plaintiff's favor. *See Ginter ex rel. Ballard v. Belcher, Pendergast & Laporte, 536 F. 3d 439. 448-49 (5th Cir. 2008).* Plaintiffs have the "obligation to institute the action in a permissible forum," and thus bear "the burden of establishing that venue is proper." *Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).* On a Rule 12 (b)(3) motion to dismiss for improper venue, the plaintiff bears the burden of showing that venue in its chosen forum is proper. *Swoboda v. Manders, 2014 WL 2515410 (M.D. La. June 4, 2014), citing Gray Cas. And Sur. Co. v. Lebas, 2013 WL 74351 (E.D. a. Jan. 7, 2013).* A court may consider extrinsic material, including affidavits and other material, in determining whether venue is proper. *Asevedo v. NBCUniversal Media, LLC, 921 F. Supp.2d 573, 589-90 (E.D. La 2013).* To the extent that the facts alleged in the Amended Complaint are uncontroverted by affidavits from the defendant, they are accepted as true for purposes of resolving the venue issue. *Fed.R.Civ.P. 12(b)(3); 28 U.S.C. § 1406(a).*

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." To determine whether a substantial part of the events giving rise to the claim occurred in a particular district, a court considers "only those acts and omissions that have a close nexus to the wrong." *Fed.R.Civ.P. 12(b)(2) .*

Plaintiff's claim against Ms. Brunson centers upon a Cease-and-Desist letter mailed by Ms. Brunson in Pennsylvania to Plaintiff's residence/place of business in Newark, Delaware. Plaintiff asserts that Ms. Brunson's mailing of the cease-and the -desist letter establishes that Ms. Brunson is the attorney, Agent and business partner for unnamed defendants, THE GOOD GUY and TCTV. Plaintiff also contends that this action also signaled that Ms. Brunson "intentionally acted to incite

14

or further the continual and ongoing pattern of cyber stalking, harassment, defamation, threats to Petitioner's life and safety, and other cyber and online harassment, such crimes and civil tortuous acts committed by those defendants as described below." *(Plaintiff's Amended Complaint, p.7)*. In this matter Plaintiff alleges that she was initially working with several of the defendants producing contents for a You Tube channel programming. Along the way the group splintered and began instances of infighting and vulgar name calling which was posted to various You Tube channels. Through all of Plaintiff's claims which she went to great length to detail in her Amended Complaint, she did not allege any specific facts or instances of Ms. Brunson engaging in any of the acts that occurred surrounding the creation of the contact for the You Tube channel(s). While Plaintiff catalogues a laundry list of acts that the eighteen other defendants engaged in, her central claim against Ms. Brunson is that in June 2021, she received a cease-and-desist letter from Ms. Brunson, requesting that she refrain from contacting an individual who no longer wanted to participate in the content creation business with Plaintiff. Despite this one act by Ms. Brunson, Plaintiff has attributed the acts of the additional eighteen defendant onto Ms. Brunson simply based upon her sending the Plaintiff a cease-and-desist letter. However, Plaintiff fails to refer to or produce any documentary evidence to substantiate her false claim. The correspondence mailed by Ms. Brunson, to Plaintiff in Delaware, never touched Louisiana and does not contain threats, harassment speech or defamatory statements as falsely claimed by Plaintiff, due process would be offended by hailing Ms. Brunson into Louisiana where she has no established minimum contacts and has engaged in no activities that "result in alleged injuries that arise out of or relate to Plaintiff's claimed controversy or litigation." Because the Plaintiff is unable to establish any minimum contacts between Ms. Brunson's sending a cease-and-desist letter and the Louisiana court, it is clear that Plaintiff is seeking to hail Ms. Brunson into an improper venue. Louisiana is

an improper jurisdiction for a claim against Ms. Brunson regarding Plaintiff's claim and controversy.

The Plaintiff's Amended Complaint is bereft of any facts relied upon to establish venue in the Eastern District of Louisiana. Plaintiff's Amended Complaint alleges Louisiana is the proper venue because Plaintiff is "legally domiciled in the State of Delaware and is a frequent part-time resident of the State of Louisiana where she was residing…on dates of October 1, 2020, through the date of filing…where she was attacked, assaulted and threatened." *(Amended Complaint at p. 3)*. There is no specific allegation included in Plaintiff's Amended Complaint which states that Ms. Brunson "attacked, assaulted and threatened" her during the relevant time period of October 1, 2020, through October 8, 2021, when the Amended Complaint was filed.

**III.    This Amended Complaint Should Be Dismissed for Insufficient Process Under Federal Rule of Civil Procedure, Rule 12(b)(4) or in the alternative the Insufficient Service of Process Should be Quashed because it Includes Erroneous Information Which Sole Purpose Was to Prejudice Ms. Brunson and Lend to Plaintiff's Narrative That Ms. Brunson Is Acting In Concert With the Additional Eighteen Named and Unnamed Defendants.**

Rule 12(b)(4) permits a defendant to move to dismiss an action for defects in the form of the process. Such a motion "is proper only to challenge noncompliance with the provisions of Rule 4(b) of the Federal Rules of Civil Procedure or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.)*. Rule 4(b) provides:

On or after filing the Amended Complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant. A summons – or a copy of a summons that is addressed to multiple defendants- must be issued for each defendant to be served Fed. R. Civ. P. 4(b).

16

Pursuant to Rule 4(a)(1), (a) summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address the plaintiff's attorney or – if unrepresented – of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgement; and (G) bear the court's seal. *Fed. R. Civ. P.4 (a)(1)*.

In addition to including the required information, Plaintiff also included false information with the intent to create the basis to claim that Louisiana has personal jurisdiction over Ms. Brunson for this lawsuit. Without observing or obtaining any valid information regarding Ms. Brunson's status Plaintiff referred to Ms. Brunson as, "Counsel representing and also known as or conducting business as the "THE GOOD GUYS" a You Tube or Internet online broadcast channel."

### IV.     Motion to Dismiss for Insufficient Service of Process Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a claim if service of process was not properly served in the appropriate manner. The Fifth Circuit has found, "In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the serving party bears the burden of establishing its validity." *People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524 (5th Cir. 2011).*

Federal Rule of Civil Procedure 4(e)(1) [5]authorizes service of an out-of-state defendant pursuant to the rules of the state where the federal court is located. Ms. Brunson resides in

---

[5] (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; Fed. R.Civ P. 4(e)(1).

Pennsylvania. The Pennsylvania Rules of Civil Procedure allow an out-of-state defendant to be served by mailing process to the defendant, "by any form of mail requiring a receipt signed by the defendant or his authorized agent. *Pa. R. Civ. P. 403; Pa. R. Civ. P. 404(2) (allowing services of an out of state defendant "by mail in the manner provided by Rule 403.")* The burden is on the plaintiff to show that the defendant or the defendant's authorized agent signed the return receipt. *Grand Entertainment Group v. Star Media sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)* ("the party asserting the validity of service bears the burden of proof on that issue"); see also *Hutton v. KDM Transport, Inc. No. 14-3264, 2014 WL 3353237, at *3(E.D. Pa. July 9, 2014)*("Where the plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had authority to sign no the defendant's behalf.")

"The fact that an individual is the defendant's secretary or has the authority to accept mail on behalf of the defendant does not establish that such individual is an agent of the defendant authorized to accept service of process." *Aetna Inc. v. Insys Therapeutics, Inc., 284 F. Supp. 3d 582, 586 (E.D. Pa. 2018)* (finding that the authorization to accept mail does not establish the authority to accept service); *Furin v. Reese Teleservices, Inc., No. 2:07cv1542 2008 WL 5068955, at *1 (W.D. Pa. Nov 24, 2008)* (Finding that the Third Circuit "has expressly recognized that offering proof that a mail clerk or receptionist signed for the package offer[s] no proof that the signatures belong to the defendant's authorized agents")(quoting *Lampe v. Xouth, Inc. 952 F.2d 697, 701 (3d Cir. 1991)).*

Here, Plaintiff has not established that Ms. Brunson or an authorized agent signed the return receipt associated with Plaintiff's certified mailing receipt number 7021 1970 0001 0995 7792. According to the U.S. Postal Service return receipt attached the Summons In A Civil Action filed on November 4, 2021, the return receipt was signed by "NL C19" with the box

marked agent checked off. The Return Receipt also states it was received by "Brunson" on 11/15/2021. *(See Attached Exhibit B, Plaintiff's Summons In a Civil Action for Theresa D. Brunson)*. Ms. Brunson asserts that the registered agent for the Law Office of Theresa D. Brunson, Esquire is Cynthia Sims. The Return Receipt was never signed by Ms. Brunson's Registered Agent. Ms. Brunson is unaware of who 'NL C19' is. Ms. Brunson never authorized or designated anyone other than Ms. Sims to act as her agent. Additionally, Ms. Brunson denies that she placed her surname on the U.S. Mail Return Receipt beside the Date of Delivery which is listed as "11/15/21." Ms. Brunson was never present at 6101 Limekiln Pike on November 15, 2021. Additionally, on December 14, 2021, during Plaintiff's Preliminary Injunction Hearing Plaintiff's attorney admitted the following, "Theresa Brunson and was served and I have a signature; again, not her signature but a signature for the office it was served on." Plaintiff's attorney also stated, "I will say that the Good Guys are actually an LLC, and I believe the agent is Brunson…So we served Brunson and that would be one of these alias or group defendants…I neglected to file a return on the Good Guys, but it is the agent, Ms. Brunson, who is the lawyer in this…Yeah Brunson was served. I don't have a return on the Good Guys and I apologize for that. That's the LLC…" *(Transcript of Preliminary Injunction Hearing, December 14, 2021, P. 4, L. 16-8; P.5, L. 6-19.)*. Plaintiff's attorney, an officer of the court, made several untrue statements to the Court in reference to Ms. Brunson being served with the Plaintiff's Amended Complaint. Plaintiff's complaint was delivered to the office of The Giving of Self Partnership, and it was received by an unknown employee who was in the office when the mailing was delivered. The complaint was not accepted by Ms. Brunson, or her registered agent, Ms. Cynthia Sims. Under the rules, Plaintiff is required to provide evidence that the signatory had authority to sign on Ms. Brunson's behalf. *See Hutton v. KDM Transport, Inc. No. 14-3264, 2014 WL 3353237, at*

*3(E.D. Pa. July 9, 2014)*("Where the plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had authority to sign no the defendant's behalf.")

Here, Plaintiff has failed to properly serve process on Ms. Brunson and further Plaintiff summarily anointed Ms. Brunson the "Agent" of an additional unnamed defendants The Good Guy and TCTV. Plaintiff has claimed that the purported service of Ms. Brunson, amounted to service of also "The Good Guy" and "TCTV."

Because Plaintiff improperly served Ms. Brunson and then appointed her the agent of additional defendants, whom she has no knowledge of, for Plaintiff's convenience, the Plaintiff's claim should be dismissed under Rule 12(b)(5).

## V.     Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) provides, in relevant part that a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no jurisdictional support; and

(2) A short and plain statement of the claim showing that the pleader is entitled to relief;

(3) A demand for the relief, which may include relief in the alternative or different types of relief.

*Fed. R.Civ.P. 8(a)*

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).* "While an Amended Complaint attacked by a Rule 12(b)(6) motion to dismiss need not

20

contain detailed factual allegations, a plaintiff's obligation to provide the groups of his

entitlement to relief requires more than labels and conclusions." *Id. at 555.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for

dismissal of Complaint for failure to state a claim upon which relief can be granted.   A Rule

12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set

forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader

is entitled to relief." *Fed R. Civ. P. 8(a)(2).* "To survive a motion to dismiss, a Complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007).* "[F]acial plausibility exists when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id. at 678 (citing Twombly, 550 U.S. at 556).*  Hence, the Complaint need

not set out "detailed factual allegations," but something "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action" is required. *Twombly, 550 U.S. at 555.*

When conducting its inquiry, the Court must "accept all well-pleaded facts as true and view

facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc., 599 F.3d 458, 461

(5ᵗʰ Cir. 2010).*

Here, this Court should dismiss Plaintiff's Amended Complaint without leave to amend

for the following reasons: (1) Plaintiff offers no relevant facts or legal claims against Ms.

Brunson; (2) Plaintiff pleads no facts to support the conclusion that Ms. Brunson engaged in any

of the acts which constitute the elements for violation of the Louisiana state criminal statutes, or

the U.S. Federal criminal statutes referenced in the Amended Complaint; (3) The Plaintiff's

citing state and federal criminal statutes in the Amended Complaint alluding to violations of

21

criminal statutes are without merit as a matter of law; (4) Plaintiff is without authority to prosecute federal and state criminal statutes. For these reasons, the Court should dismiss the Amended Complaint without leave to amend.

Plaintiff's Amended Complaint asserts that Plaintiff is seeking $75,000 in damages for injuries suffered as the result of Ms. Brunson acting in concert with eighteen other individuals, whom she has never met, to engage in acts and omissions of the following Federal and State criminal statutes: RS 14:40.7 Cyberbullying – State Criminal Statute, RS 14:40.3 – Cyberstalking – State Criminal Statute; RS 14:285 Unlawful Communications…Harassment – State Criminal Statute; Violence Against Women Act ("VAWA") of 2005, As Amended in 2013, 42 USC 136 (§§ 13925 – 14045) a Congressional Spending authorization statute for programs and services benefiting women; US Code 18 § 2261A – Interstate Intimate Partner Cyber Stalking - Federal Criminal Statute; 47 USC Section 223(a)(1)(C) & (h)(1)(B) – Obscene or Harassing Telephone Calls in the District of Columbia or in Interstate or Foreign Communications.

## LEGAL ARGUMENT

**A. Plaintiff Makes Only Conclusory Allegations of Wrongdoing by Ms. Brunson Using False Claims of a Business Relationship with Unnamed Defendants "THE GOOD GUYS" and "TVTN".**

Plaintiff's Amended Complaint asserts that Ms. Brunson "is conducting business as "The Good Guys", a YouTube or internet online broadcast channel and/or any other business, all, and the person who personally, or through others affiliated with herself and her business intentionally acted to incite or further the continual and ongoing pattern of cyber stalking, harassment, defamation, threats to Petitioner's life and safety and other cyber and online harassment, such

crimes and civil tortuous acts committed by those defendants as described below." *(Amended Complaint, p.7)*

Plaintiff's Amended Complaint further asserts that Ms. Brunson, "is to Petitioner's understanding, the attorney for and a collaborator with several defendant-aligned entities, including "TCTV" and "THE GOOD GUYS", both entities which have been horribly aggressive and threatening to Petitioner." *(Amended Complaint at p. 28)*

With the above conclusory statements, Plaintiff has failed to allege any specific facts to support any of the above supposition. Plaintiff further claims on June 7, 2021, she "received a written Cease and Desist Letter addressed to the Petitioner, instructing Petitioner that all contact regarding defendant TCTV should be directed to her office, asserting that she was the Attorney for TCTV." To buttress this claim, the Plaintiff included a photocopy of Ms. Brunson's cease and desist letter sent to Plaintiff. *(Exhibit A- Cease and Desist Letter)* A review of the letter reveals that neither of Plaintiff's above claims stating the contents of the letter are true. The letter does not contain any assertion that Ms. Brunson is defendant TCTV's attorney, nor does she demand that Plaintiff contact her office regarding defendant TCTV. Plaintiff blatantly fabricated information which can easily be debunked by her own exhibit, introduced with her Amended Complaint.

Plaintiff's Amended Complaint states that the content of the cease-and-desist letter was "explicitly warning and attempt to intimidate your Petitioner into having her discontinue Complaints against defendant TCTV for his online harassment of Petitioner, is an act to intimidate Petitioner and in furtherance of these online actors' illegal and damaging acts against Petitioner." *(Amended Complaint at p. 29)*. By this conclusory statement Plaintiff makes an untenable connection between Ms. Brunson and all eighteen defendants and proclaims the cease-and-desist

letter as Ms. Brunson's vehicle to assist the other defendants in the alleged harassing and threatening of Plaintiff.

**B. This Court Need Not Accept Plaintiff's Speculative "Facts" and Spurious Conclusions of Law.**

In evaluating a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must treat well-pleaded facts in the Amended Complaint as true. The Court does not, however, have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Nor is the Court bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain, 478 U.S. 265, 286 (1986).* Additionally, a Complaint must be plausible on its face requiring the Plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).*

**C. Plaintiff Fails to State Any Claim Whatsoever Against Ms. Brunson sounding in the various State and Federal Criminal Statutes Plaintiff Repeatedly Refers to Throughout the Amended Complaint.**

Plaintiff's Amended Complaint fails completely to allege any actionable facts against Ms. Brunson. The allegations in the Amended Complaint against Ms. Brunson, consist solely of (1) an allegation that Ms. Brunson mailed a Cease-and-Desist letter to Plaintiff requesting that she refrain from harassing an individual that Plaintiff was working with to create controversial content for a YouTube channel and (2) fabrications that the Cease-and-Desist letter addressed to the Plaintiff, instructed Plaintiff that all contact regarding defendant TCTV should be directed to Ms. Brunson's office and asserting that she was the Attorney for TCTV. From the allegation regarding Plaintiff's receipt of the Cease-and-Desist letter Plaintiff leaps to conclusions of law that Ms. Brunson's sending her a Cease-and-Desist letter is an act to intimidate her and was done in

furtherance of the actions of the additional eighteen defendants alleged illegal and damaging acts against Petitioner.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6), Defendant Theresa D. Brunson, Pro Se, respectfully moves the Court to dismiss this case for lack of personal jurisdiction of defendant Theresa D. Brunson, due to the Plaintiff filing this matter in an improper venue, because Plaintiff's insufficient process and insufficient service of process, and Plaintiff's failure to state a claim upon which relief can be granted.

Dated: January 14, 2022                     THERESA D. BRUNSON, Pro Se

By_____

Theresa D. Brunson, Pro Se
6442 N. 16th Street
Philadelphia PA 19126
(267) 251-0828
tdbrunsonesq@gmail.com

25