## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CATHERINE BROWN**                          **CIVIL ACTION**

**VERSUS**                                   **NO. 21-1844**

**MINYANGO TOKPAH ET AL.**                   **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Plaintiff Catherine Brown's Motion for a Preliminary Injunction (Doc. 7). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff filed this suit against Minyango Tokpah, Shakim Harris, and others (collectively, "Defendants"), alleging that each had engaged to some degree in stalking, harassing, threatening, attacking, or defaming her through online activity.[1] Generally, Plaintiff claims that Defendants are individuals using online platforms like YouTube to engage in "cyber and online harassment" that began around October 1, 2020 and has persisted since.[2] Plaintiff, a Delaware domiciliary at the time of filing this case, advances that

---

[1] Plaintiff's Amended Complaint alleges "cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, such crimes and civil tortuous [sic] acts committed by those defendants as described below." Doc. 7 at 1. Plaintiff's legal claims are defamation and intentional infliction of emotional distress.

[2] *Id.* at 10.

she suffered much of this harassment while residing part time in Louisiana. Defendants are allegedly domiciled in states other than Delaware.[3]

On October 18, 2021, this Court denied Plaintiff's request for a temporary restraining order.[4] Subsequently, the Court held a hearing on Plaintiff's request for a preliminary injunction. Prior to this hearing, the Court received notice that Defendants Theresa Brunson, Tanisha Wright, Jonte Miller, and Andrea Stewart were served. No other Defendants were served or have been served since. At the hearing, with only Plaintiff and her counsel in attendance, the Court heard Plaintiff's testimony as to the threats and harassment she has suffered at the hands of Defendants.[5] After the hearing, Plaintiff filed a post-hearing memo to provide this Court with legal support for her request.[6] Plaintiff's Motion requests a preliminary injunction prohibiting all Defendants from continuing to harass and threaten Plaintiff.[7]

## LEGAL STANDARD

An applicant for preliminary injunctive relief must show: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted; (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) granting the preliminary injunction will not disserve

---

[3] *Id.* at 4–7. Plaintiff also alleges an amount in controversy in excess of $75,000, exclusive of interest and costs. *Id.* at 4.
[4] *See* Doc. 10.
[5] *See* Doc. 24.
[6] *See* Doc. 31.
[7] Doc. 7 at 4.

the public interest.[8] A preliminary injunction is an extraordinary remedy.[9] Accordingly, a preliminary injunction should only be granted when the party seeking it has clearly carried the burden of persuasion on all four requirements.[10] In the end, a preliminary injunction is treated as an exception rather than the rule.[11]

## <u>LAW AND ANALYSIS</u>

The Court must first address the issue of service in this case. Federal Rule of Civil Procedure 65(a) provides, "The court may issue a preliminary injunction only on notice to the adverse party." It is not clear that the notice contemplated by Rule 65(a) equates to formal service of process. "Rule 65(a) does not specify the particular type of notice required in order properly to bring defendants in an injunction proceeding before the trial court."[12] Nevertheless, the Fifth Circuit has held that "[t]he Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the

---

[8] Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F.3d 192, 195–96 (5th Cir. 2003).
[9] Miss. Power & Light Co. v. United Gas Pipe Line, Co., 760 F.2d 618, 621 (5th Cir. 1985).
[10] *Id.*
[11] State of Tex. v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975).
[12] Plaquemines Par. Sch. Bd. v. United States, 415 F.2d 817, 824 (5th Cir. 1969).

opportunity to be heard and to present evidence."[13] "The sufficiency of the written and actual notice is a matter for the trial court's discretion."[14]

Here, formal service of process was made upon four Defendants—Brunson, Wright, Miller, and Stewart. Plaintiff attempted to notify the remaining Defendants via email. The Court finds that emails sent to addresses that may or may not be affiliated with the named Defendants fail to give sufficient opportunity to be heard and present evidence. Thus, Plaintiff has not provided proper notice under Rule 65(a) for all Defendants besides Brunson, Wright, Miller, and Stewart. Accordingly, in determining whether Plaintiff has met the burden of persuasion on a preliminary injunction, the Court focuses only on her allegations with respect to these four individuals.

Plaintiff fails to carry her burden as to each of these Defendants. More specifically, Plaintiff's allegations do not show that she will suffer irreparable harm at the hands of Brunson, Miller, Stewart, or Wright in the event an injunction is not granted. As to Brunson and Miller, there are no allegations of any threats of physical harm. Brunson is alleged to have sent an intimidating cease and desist letter to Plaintiff and to have accused Plaintiff of unlawful, racist actions directed at Black men.[15] Miller is alleged to have acted in concert

---

[13] Harris Cnty. v. CarMax Auto Superstores Inc., 177 F.3d 306, 325 (5th Cir. 1999) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70, 415 U.S. 423, 434 n. 7 (1974)); Phillips v. Charles Schreiner Bank, 894 F.2d 127, 130 (5th Cir. 1990); Kaepa, Inc. v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1996) ("We have interpreted the notice requirement of Rule 65(a)(1) to mean that where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.").

[14] *Plaquemines Par. Sch. Bd.*, 415 F.2d at 824.

[15] *See* Doc. 7 at 29.

Case 2:21-cv-01844-JTM-JVM   Document 35   Filed 01/27/22   Page 5 of 7

with other Defendants in inciting violence against Plaintiff, but Plaintiff fails to provide any factual detail to support this assertion.[16] Brunson and Miller's actions may have been tortious, but they do not show impending irreparable harm in the absence of an injunction.

Similarly as to Stewart, there is no threat of physical harm, only an allegation that her broadcasts about Plaintiff falsifying police reports and bringing false charges put Plaintiff at risk of injury from listeners who may be motivated to violently retaliate against her.[17] While these allegations are no doubt disturbing, the Court cannot enjoin an audience. Further, without some evidence to support Plaintiff's fear of retaliation from listeners, this Court's hands are tied.

Finally, as to Price, the Court does take note of her violent language directed at Plaintiff.[18] During "internet broadcasts," Price allegedly threatened to "pull up" on Plaintiff and said she would "beat [Plaintiff's] ass" and slap her.[19] While no doubt disturbing, the fact that these threats appeared only in cyberspace, with no evidence of any intent to follow through, counsels the Court to proceed cautiously. Additionally, Plaintiff testified that Price lives in Delaware.[20] Plaintiff now lives in Louisiana. Thus, to whatever extent Price's one or two statements might reflect an imminent threat of physical harm to Plaintiff, that threat is now more than one thousand miles away.

---

[16] *See id.* at 28; Doc. 24 at 25.
[17] *See* Doc. 31-1 at 14–15.
[18] *See* Doc. 22 at 6; Doc. 24 at 21–23.
[19] Doc. 22 at 6; Doc. 24 at 21. Plaintiff contends that "pull up" is slang for executing a drive-by shooting.
[20] Doc. 24 at 21.

Taken as a whole, Plaintiff's briefing and testimony present many disturbing allegations that this Court does not take lightly. But the Court is constrained by Rule 65 to focus solely on Brunson, Miller, Stewart, and Price. Plaintiff's most serious charges of threatening behavior do not implicate these Defendants.

Plaintiff's explication of the case *Lasalle v. Daniels* further supports this Court's conclusion.[21] There, the appellate court upheld the trial court's preliminary injunction prohibiting the defendant from harassing the plaintiff.[22] Unlike this case, however, the evidence of possibly impending harm was overwhelming. The plaintiff saw the defendant multiple times outside her home, found handwritten notes from him on her front door and mailbox, and was physically accosted and threatened by him as she exited her car to go to work.[23] Further, there was abundant evidence to corroborate the plaintiff's fear in the form of other witnesses observing and experiencing firsthand the defendant's threats and harassment.[24] As the court explained, "[T]here were some very real and imminent threats made toward the person of [the plaintiff], in the presence of people who were also disturbed and frightened by those threats."[25] Of course, other witnesses are not necessary to justify a substantial threat of irreparable harm, but Plaintiff must present more evidence than is before this Court.

---

[21] *See* Doc. 31 at 4–14 (citing Lasalle v. Daniels, 673 So. 2d 704 (La. App. 1 Cir. 1996)).
[22] *Lasalle*, 673 So. 2d at 710.
[23] *Id.* at 706–08.
[24] *Id.*
[25] *Id.* at 709–10.

6

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 7) is **DENIED**.

New Orleans, Louisiana this 27th day of January, 2022.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**