UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1844** |
| **MINYANGO TOKPAH ET AL.** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendant Theresa Brunson's Motion to Dismiss (Doc. 32). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed this suit against Minyango Tokpah, Shakim Harris, Theresa Brunson, and others (collectively, "Defendants"), alleging that each had engaged to some degree in stalking, harassing, threatening, attacking, intimidating, or defaming her through online activity.[1] Generally, Plaintiff claims that Defendants are individuals using online platforms like YouTube to engage in "cyber and online harassment" that began around October 1, 2020 and has persisted since.[2] Plaintiff, a Delaware domiciliary at the time of filing this case, advances that she suffered much of this harassment while residing

---

[1] Plaintiff's Amended Complaint alleges "cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, such crimes and civil tortuous [sic] acts committed by those defendants as described below." Doc. 7 at 1.
[2] Doc. 7 at 10.

1

part time in Louisiana. Defendants are allegedly domiciled in states other than Delaware.[3] Judging by Plaintiff's briefing and representations to the Court, Plaintiff's legal claims appear to be defamation and intentional infliction of emotional distress.[4] Below are the facts from Plaintiff's First Amended Complaint that are relevant to the instant Motion and assumed true for purposes of a motion to dismiss.[5]

Plaintiff alleges that Theresa Brunson is an attorney from Pennsylvania representing and collaborating with groups of internet trolls that have targeted Plaintiff, including "TCTV" and "The Good Guys."[6] On June 28, 2021, after Plaintiff reported to YouTube and the police the harassment she suffered at the hands of these groups, Plaintiff received a cease and desist letter from Ms. Brunson.[7] The letter was sent to Plaintiff's business in Delaware. Plaintiff alleges that at the time the letter arrived in Delaware, she was in Louisiana and received a photo image of the letter.[8]

The letter demanded that Plaintiff cease and desist "any and all harassing activities towards TCTV Podcast/YouTube Channel" and charged that "[p]revious actions on [Plaintiff's] part are considered harassment and harassment by communication under the State of Delaware Criminal Code."[9] After learning of the letter, Plaintiff and Ms. Brunson spoke on the phone,

---

[3] *Id.* at 4–7. Plaintiff also alleges an amount in controversy in excess of $75,000, exclusive of interest and costs. *Id.* at 4.
[4] *See* Doc. 7; Doc. 24 at 49.
[5] *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).
[6] *See* Doc. 7 at 28.
[7] *See* Doc. 38-1.
[8] *See* Doc. 38 at 5.
[9] Doc. 38-1.

2

when Ms. Brunson allegedly told Plaintiff that her efforts contacting YouTube and law enforcement "were examples of [Plaintiff's] 'negative behavior' in attempting to 'jail Black men'" and that Plaintiff should immediately stop any further attempts to do so.[10] Plaintiff alleges that Ms. Brunson's written and verbal communications amounted to efforts to intimidate and scare Plaintiff into quitting her attempts to end the harassment from TCTV and others.

Now before the Court is Ms. Brunson's Motion to Dismiss.[11] Ms. Brunson seeks dismissal on the grounds that this Court lacks personal jurisdiction over her.[12] Plaintiff opposes.[13]

## **LEGAL STANDARD**

When a non-resident defendant challenges the court's personal jurisdiction, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[14] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[15] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in

---

[10] *See* Doc. 7 at 29.
[11] *See* Doc. 32.
[12] Ms. Brunson seeks dismissal on a number of alternative grounds as well, including improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted.
[13] *See* Doc. 38.
[14] Luv N'care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).
[15] Guidry v. U.S. Tobacco, Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[16] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[17] The court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[18]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[19]  In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[20]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state and (2) exercising personal jurisdiction over the

---

[16] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).
[17] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).
[18] *Id.* (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).
[19] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).
[20] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

defendant does not offend "traditional notions of fair play and substantial justice."[21]

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[22] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[23] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[24]

## LAW AND ANALYSIS

Ms. Brunson argues that this Court lacks personal jurisdiction over Plaintiff's claims against her.[25] Plaintiff argues that her allegations support specific or general personal jurisdiction. This Court finds that Plaintiff has not carried her burden of proving either general or specific personal jurisdiction over Ms. Brunson. "General jurisdiction exists over a non-resident defendant when its 'affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'"[26] "For an individual, the

---

[21] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316)).
[22] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).
[23] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).
[24] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).
[25] *See* Doc. 32-1 at 3–11.
[26] Frank v. P N K (Lake Charles) L.L.C., 947 F.3d 331, 336 (5th Cir. 2020) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

5

paradigm forum for the exercise of general jurisdiction is the individual's domicile."[27] Plaintiff fails to allege any continuous and systematic contacts between Ms. Brunson and Louisiana; Plaintiff also admits that Ms. Brunson's domicile is Pennsylvania. Accordingly, this Court lacks general personal jurisdiction over Ms. Brunson.

The result is the same with respect to specific personal jurisdiction. "When analyzing intentional tort claims, such as defamation, for specific jurisdiction, the Fifth Circuit applies the 'effects test' first formulated in *Calder v. Jones*."[28] "Under the 'effects test,' an act done outside the state that causes injury inside the state may support personal jurisdiction if the defendant 'expressly aimed' his conduct towards the forum."[29] For example, in *Calder*, a Hollywood tabloid published an allegedly libelous story about the actress Shirley Jones.[30] Naming the author of the story and editor of the tabloid as defendants, Jones sued in California, despite the defendants' residences in Florida.[31] The Supreme Court held that there was jurisdiction in California over the defendants because they had "expressly aimed" their conduct towards California:

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of

---

[27] *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 924.
[28] Siddhar v. Varadharajan, No. 4:13–CV–1933, 2014 WL 2815498, at *4 (S.D. Tex. June 20, 2014) (citing Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002) (citing Calder v. Jones, 465 U.S. 783 (1984))).
[29] *Id.* (citing *Revell*, 317 F.3d at 472).
[30] *Calder*, 465 U.S. at 785.
[31] *Id.*

6

> the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and the harm.[32]

The Fifth Circuit has stated that "[w]e read *Calder* as requiring the plaintiff seeking to assert specific personal jurisdiction over a defendant in a defamation case to show '(1) the subject matter of and (2) the sources relied upon for the article were in the forum state.'"[33]

Taking Plaintiff's allegations as true, and resolving all factual disputes in her favor, the Court finds that Ms. Brunson did not "expressly aim" the statements in her cease and desist letter at Louisiana. The letter mentions "harassing activities" and other "actions that have been injurious towards TCTV Podcast/YouTube Channel," but there is no allegation that Ms. Brunson understood these statements to be referencing activities that Plaintiff carried out in Louisiana. In fact, given that the letter was sent to a Delaware address and accused Plaintiff of violating Delaware laws, it appears that Ms. Brunson believed Plaintiff was in Delaware at all relevant times. Although Plaintiff alleges that after receiving the letter, she told Ms. Brunson on the phone that she was in Louisiana, not Delaware, that information has no bearing on where Ms. Brunson directed statements in a letter sent days before that conversation. In sum, there is no allegation that Ms. Brunson knew that her allegedly defamatory and harassing letter concerned Louisiana activities, that the letter

---

[32] *Id.* at 788–89.
[33] Clemens v. McNamee, 615 F.3d 374, 380 (5th Cir. 2010) (quoting Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 426 (5th Cir. 2005)).

drew upon Louisiana sources, or that it was directed at a Louisiana audience. Although Plaintiff does allege that she suffered the harm caused by the letter in Louisiana, that alone is not enough to support specific jurisdiction under the effects test of *Calder*.[34]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Ms. Brunson's Motion to Dismiss (Doc. 32) is **GRANTED**. Plaintiff's claims against Ms. Brunson are hereby **DISMISSED WITHOUT PREJUDICE**.[35]

New Orleans, Louisiana this 8th day of April, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[34] *See* Herman v. Cataphora, Inc., 730 F.3d 460, 465 (5th Cir. 2013) ("A plaintiff's suffering damage in the forum state is part of the calculus, but for minimum contacts to be present the allegedly defamatory statements must be adequately directed at the forum state. Even if the majority of the claimed harm is felt in the forum state, this court has declined to find personal jurisdiction when the statements focus on activities and events outside the forum state.") (citation omitted).

[35] *See* ITL Intern, Inc. v. Cafe Soluble, S.A., 464 Fed. Appx. 241, 244 (5th Cir. 2012) ("Mars correctly insists that a dismissal 'for lack of jurisdiction' does not 'operate[ ] as an adjudication on the merits' and thus should have been without prejudice.") (citations omitted).