UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CATHERINE BROWN**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 21-1844**

**MINYANGO TOKPAH ET AL.**                              **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Defendant Andrea Stewart's Motion for a More Definite Statement (Doc. 30) and Defendant Anti Fraud Warriors, LLC's Motion for a More Definite Statement (Doc. 34). For the following reasons, these Motions are **GRANTED**.

## BACKGROUND

Plaintiff filed this suit against Minyango Tokpah, Andrea Stewart, and others (collectively, "Defendants"), alleging that each had engaged to some degree in stalking, harassing, threatening, attacking, intimidating, or defaming her through online activity.[1] Generally, Plaintiff claims that Defendants are individuals using online platforms like YouTube to engage in "cyber and online harassment" that began around October 1, 2020 and has

---

[1] Plaintiff's Amended Complaint alleges "cyber stalking, harassment, defamation, threats to her life and safety, and other cyber and online harassment, such crimes and civil tortuous [sic] acts committed by those defendants as described below." Doc. 7 at 1.

1

persisted since.[2] Plaintiff, a Delaware domiciliary at the time of filing this case, advances that she suffered much of this harassment while residing part time in Louisiana. Defendants are allegedly domiciled in states other than Delaware and Louisiana.[3] Plaintiff's briefing and representations to the Court suggest that her legal claims are defamation and intentional infliction of emotional distress.[4] Below are the facts from Plaintiff's First Amended Complaint that are relevant to the instant motions.

Plaintiff alleges that Defendant Anti Fraud Warriors, LLC ("AFW") is a California limited liability corporation that pays individuals known as "Good Guys" to harass people over the internet, and Plaintiff is one of their targets.[5] More specifically, Plaintiff alleges that AFW and its "Good Guys" are opponents of "Pan African Activist, Dr. Umar Johnson" because they believe he "is a scammer or some type of fraudulent enemy of the Black community."[6] AFW allegedly claims that Plaintiff is an affiliate of Dr. Johnson, and so their vitriol against him extends to her, thereby subjecting her to harassment and defamation.[7]

Plaintiff alleges that Defendant Andrea Stewart is a California resident who runs several YouTube channels and who has falsely claimed in online

---

[2] Doc. 7 at 10.
[3] *Id.* at 4–7. Plaintiff also alleges an amount in controversy in excess of $75,000, exclusive of interest and costs. *Id.* at 4.
[4] *See* Doc. 7; Doc. 24 at 49.
[5] Plaintiff named AFW as a defendant in her initial Complaint, but failed to allege the citizenship of its members for diversity purposes. Her First Amended Complaint omits AFW from the list of defendants, but elsewhere characterizes the entity as such. *See infra* text accompanying notes 23–24. The Court addresses this inconsistency below.
[6] Doc. 7 at 12.
[7] *Id.* at 12–13.

2

broadcasts that Plaintiff filed fraudulent police reports against various Black individuals, including Ms. Stewart herself.[8] Plaintiff also alleges that Ms. Stewart has made other defamatory comments on her channels and elsewhere, including that Plaintiff falsely told the police Ms. Stewart is an Aryan who is harassing others, that Plaintiff is guilty of criminal charges, and that Plaintiff is a "menace to mankind."[9]

Now before the Court is AFW and Ms. Stewart's Motions for a More Definite Statement.[10] AFW and Ms. Stewart both claim that Plaintiff's First Amended Complaint is "so vague and ambiguous" that they "cannot reasonably prepare a response" to it unless it is amended and clarified in various ways.[11] In her response, Plaintiff states that "in the coming weeks" she intends to amend her First Amended Complaint so as to add additional defendants and "clarify specific causes of actions against the several defendants."[12]

## **LEGAL STANDARD**

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[13] The moving party "must point out the defects complained of and the details desired."[14]

---

[8] *Id.* at 25–26.
[9] *Id.* at 26–28.
[10] *See* Docs. 30, 34.
[11] Doc. 30 at 1, Doc. 34 at 1.
[12] *See* Docs. 39 at 1, 40 at 1.
[13] FED. R. CIV. P. 12(e).
[14] *Id.*

3

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[15] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[17] In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[18] Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[19] This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[20]

## LAW AND ANALYSIS

Although Rule 12(e) motions are disfavored, the Court finds them appropriate here, and given Plaintiff's admitted intention to amend her First Amended Complaint, she appears to agree. As one court granting a 12(e)

---

[15] Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006).
[16] FED. R. CIV. P. 8(a)(2).
[17] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).
[18] JNP Enters., LLC v. Patterson Structural Moving & Shoring, LLC, No. 13-4684, 2014 WL 31650, at *1–2 (E.D. La. Jan. 3, 2014) (citing Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959); Who Dat Yat Chat, LLC v. Who Dat, Inc., No. 10–1333, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012)).
[19] Phillips v. ABB Combustion Eng'g, Inc., No. 13–594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).
[20] Murungi v. Tex. Guaranteed, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).

4

motion explained, "Plaintiff makes vague allegations in her Complaint and does not connect a large majority of those allegations with any action . . . by Defendants. Further, some of Plaintiff's claims, . . . are unclear as to whom they are being asserted against."[21] Here, Plaintiff nowhere lays out her "claims . . . in numbered paragraphs" as required by Federal Rule of Civil Procedure 10(b). Plaintiff's factual allegations are broken down into numbered paragraphs, but her claims are not.[22] Even reading the First Amended Complaint as implicitly asserting claims like intentional infliction of emotional distress, it is not clear whether Plaintiff asserts all of her claims against all Defendants or otherwise.

Further, Plaintiff's First Amended Complaint is unclear as to who is being sued. For example, Plaintiff first identifies AFW as one of many "actors . . . specifically not named here as defendants as their respective individual identities are unknown, and including them as actual defendants, particularly any LLC, may or may not include non-diverse defendants."[23] Yet later Plaintiff alleges that the AFW "[is] actually a limited liability corporation named defendant herein."[24] These contradictions, as well as the deficiencies mentioned above, make Plaintiff's First Amended Complaint so vague and ambiguous that a party like AFW cannot reasonably respond.

---

[21] Akmal v. Centerstance, Inc. No. 11–5378 , 2013 WL 1148841, at *6 (W.D. Wash. Mar. 19, 2013).
[22] The Court had to clarify at Plaintiff's preliminary injunction hearing what exactly her claims are. *See* Doc. 24 at 49.
[23] Doc. 7 at 7–8.
[24] *Id.* at 11.

In addition to ordering a more definite statement under Rule 12(e), the Court instructs Plaintiff to clarify the basis for subject matter jurisdiction. The First Amended Complaint asserts complete diversity because Plaintiff was allegedly domiciled in Delaware at the time of filing her Complaint, and all Defendants were domiciled elsewhere at that time. There is some internal tension between Plaintiff's allegation that she suffered much of the harm alleged in this case in Louisiana over the past 14 months and her allegation that she was domiciled in Delaware when filing her Complaint. Another concern is that at the hearing on Plaintiff's motion for a preliminary injunction, she stated that Defendant Tanisha Wright lives in Delaware.[25] Moreover, Plaintiff has failed to allege the citizenship of the members of AFW for diversity purposes. The citizenship of an LLC like AFW is determined by the citizenship of all of its members for diversity jurisdiction.[26] "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte . . . ."[27]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Andrea Stewart's Motion for a More Definite Statement (Doc. 30) and Defendant Anti Fraud Warriors, LLC's Motion for a More Definite Statement (Doc. 34) are **GRANTED**. Plaintiff is given two weeks from the date of this Order to amend her First Amended Complaint so as to comply with Federal Rules of Civil

---

[25] *See* Doc. 24 at 21.
[26] *See* Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).
[27] Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004).

Procedure 8 and 10. This is a low bar and only requires setting out the following: (1) which parties Plaintiff is suing, (2) which legal claims she is asserting and against which parties she is asserting them, (3) the factual grounds out of which those claims arise, and (4) the relief that she seeks.[28] As explained above, Plaintiff should also clarify the Court's subject matter jurisdiction over this case.

    New Orleans, Louisiana this 8th day of April, 2022.

                                            _____
                                            **JANE TRICHE MILAZZO**
                                            **UNITED STATES DISTRICT JUDGE**

---

[28] *See, e.g.*, Browder v. XTO Energy Inc., No. 5:11–CV–01428, 2012 WL 566942, at *2 (W.D. La. Feb. 19, 2012) ("Plaintiffs' statement should be short and should clearly specify the following: 1) the properties and minerals involved; 2) the rights of the Plaintiffs in the properties and minerals; 3) the ways in which both XTO and Anadarko have allegedly interfered with those rights; and 4) the relief which the Plaintiffs seek.").