**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CATHERINE BROWN** | **CIVIL No.    21-1844** |
| **versus** | **JUDGE:    JTM** |
| **MINYANGO TOKPAH,  SHAKIM HARRIS, TANISHA WRIGHT, ANDREA MICHELLE STEWART,  JONTE MILLER, and THERESA D. BRUNSON** | **MAGIS:    JVM** |

**Petitioner's Reply to**
**Notice to Show Cause Order**

Now Into Court, through undersigned counsel, comes Petitioner CATHERINE BROWN, who files here her Response to this Court's Notice to Show Cause Order of January 24, 2024 (Rec.Doc.69).

Petitioner begs this Court to not dismiss this litigation for good cause explained here below.  Petitioner remains damaged by the actions of certain defendants remaining in this litigation, and seeks to pursue those defendants here. Petitioner's pursuit of these defendants has been delayed by multiple factors, provided here in separate categories.

**I.  Recent Extended Illness and Medical Limitations of Petitioner's counsel**

- Plaintiff's Counsel, Dominic Varrecchio, a Solo Practitioner, over these several recent months has been forced to seek extensions and continuances of trials,

depositions, motion hearings, trial schedule deadlines and other events due to a recent onset of serious medical issues with surgery scheduled and performed for August 10, 2023, a very complicated recovery from that surgery which at his surgeon's orders has delayed counsel's return to full work duties.

- These illnesses and limitations occurred during much of the 2022 and 2023 calendar year, and Counsel will provide his medical records to the Court for in-camera review, desiring to keep his personal medical records out of the public record.  Counsel has worked with the LSBA and Lawyer's Assistance Program (Counsel's ailments and limitations ARE NOT due to addiction or mental illness, should anyone assume this from the public record here) to continue to maintain his law practice and avoid actual Medical Leave of Absence.

- Petitioner's Counsel was cleared by his treating physicians and surgeon to return to full-time law practice, adversarial work and Court appearances beginning February 8, 2024.

- Counsel on January 18, 2024 had his most recent post-surgery examination and evaluation, where his treating Surgeon directed Counsel to refrain from all Court argument, trials, deposition and rigid work scheduled until at least February 8, 2024, when a re-evaluation appointment is scheduled to go forward to evaluate post-surgery procedures and new medication and surgery recovery procedures performed in recent months.

- Counsel has this past year sought and received numerous postponements and extensions from multiple Courts, which were for the most part agreed to but in

2

one instance required a Louisiana Supreme Court order issued in Counsel's favor where a recalcitrant opposing counsel and the presiding Court resisted relief to Counsel sought there, which was granted despite lower Courts' denying same.

- As recently as this past month, Counsel has been forced to similarly seek postponement of a deposition scheduled for January 22, 2024, as well as two court hearings scheduled for January 24, 2024 and January 26,. 2024 in the Orleans and Jefferson state district courts, solely because of these medical conditions preventing his appearances and argument required there.

- Plaintiff's counsel is the lead and only trial counsel in this litigation. Plaintiff's Counsel currently did not have the necessary associates, co-counsel or staff to aggressively prosecute this litigation involving multiple out of state defendants, many of which have not yet appeared and are subjected not to a Motion for Rule 55 Default Judgment sought by Petitioner as precipitated by the Court's Notice to Show Cause responded to here.

- Plaintiff's Counsel apologizes to the Court and all parties for his illnesses causing these delays.

- Plaintiff's Counsel will produce to this Court his Medical Records, Physician-Ordered Restriction information and documentation of other medical limitations information immediately upon request, preferably to be reviewed by the Court in-camera, as Counsel desires that his personal medical information not be made part of this public Court Record.

3

- It would be incredibly unfair and contrary to justice to allow the Petitioner's claims to be dismissed given Plaintiff's Counsel's illnesses delaying the aggressive prosecution of this litigation where there existed no Scheduling Orders or deadlines directing immediate pursuit of the Petitioner's claims under those circumstances.

## II.  Delay in Prosecution due to Certain Defendants' Failure to Respond to Service of Complaints

Plaintiff has filed a FRCP Rule  Motion for Entry of Default Judgment against Certain Defendants JONTE MILLER, TANISHA WRIGHT, and MINYANGO TOKPAH, (Rec.Doc.72), all with of these defendants having been duly served with Plaintiff's complaints and where appropriate supplemental Complaints, as delineated therein.

Federal Rule of Civil Procedure Rule 55 allows for entry of a Default Judgment against certain defendants where, when as here, they are properly served with summons and Complaint to appear,  then fail to appear or oppose or otherwise properly respond to having been properly served and noticed of such claims in a Federal District Court, with those circumstances existing here.

Defendant JONTE MILLER was properly served with Petitioner's Original (Rec.Doc.1)  and First Supplemental and Amended Complaint (Rec. Doc.7), with proper Summons, and service of process perfected on November 15, 2021, (please refer to Rec. Doc.15, Petitioner's properly filed Summons Returned Executed, "Proof of Service", and U.S. Postal Service confirmation of delivery).  These pleadings were

4

properly served upon this defendant pursuant to the FRCP and applicable Louisiana Long Arm Statute allowing such service of process to be perfected upon out-of-state defendants via U.S. Postal Service delivery with certified proof of service, as provided here with the attachments to Rec.Doc.15 as filed here.  To Petitioner's knowledge, has since being served and noticed with these proceedings, defendant JONTE MILLER has not responded to or otherwise has appeared here filing any responsive pleadings.

Defendant TANISHA WRIGHT was properly served with Petitioner's Original Complaint (Rec.Doc.1)  and First Supplemental and Amended Complaint (Rec. Doc.7), with proper Summons, and service of process perfected on November 18, 2021, (please refer to Rec. Doc.16, Petitioner's properly filed Summons Returned Executed, "Proof of Service", and U.S. Postal Service confirmation of delivery).  These pleadings were properly served upon this defendant pursuant to the FRCP and applicable Louisiana Long Arm Statute allowing such service of process to be perfected upon out-of-state defendants via U.S. Postal Service delivery with certified proof of service, as provided here with the attachments to Rec.Doc.15 as filed here and to Petitioner's knowledge, has since being served and noticed with these proceedings, defendant TANISHA WRIGHT has not responded to or otherwise has appeared here filing any responsive pleadings.

Defendant MINYANGO TOKPAH, also known here and named defendant under this name as well as his aliases, was properly served with Petitioner's Original Complaint (Rec.Doc.1), First Supplemental and Amended Complaint (Rec. Doc.7), and Second Supplemental and Amended Complaint (Rec. Doc.47), with proper

5

Summons, and after several unsuccessful attempts, including one service with an insufficient summons lacking Clerk's certification, this defendant was properly served with all three Complaints as well as a perfected summons on May 5, 2022, (please refer to Rec. Doc.59, Petitioner's properly filed Summons Returned Executed, "Proof of Service", and U.S. Postal Service confirmation of delivery) as filed here[1].  These pleadings were properly served upon this defendant pursuant to the FRCP and applicable Louisiana Long Arm Statute allowing such service of process to be perfected upon out-of-state defendants via U.S. Postal Service delivery with certified proof of service, as provided here with the attachments to Rec.Doc.15 and to Petitioner's knowledge, defendant MINYANGO TOKPAH has since being served and noticed with these proceedings has not responded to or otherwise has appeared here filing any responsive pleadings.

Petitioner seeks to enter Default Judgments against each of these particular defendants pursuant to FRCP Rule 55, after due hearing and evaluation of Petitioner's claims, with Petitioner seeking hearing with oral argument to present and allow valuation here of her losses as alleged.  Petitioner and her counsel in good faith believe that the quantum value of Petitioner's losses asserted here or to be

---

[1] Defendant Topkah was in fact served with all pleadings and a perfected Summons containing the Clerk of Court certification by proper certified US Mail service of process made pursuant to the Louisiana Long Arm Statute, as were other defendants sought defaulted here.  Petitioner's counsel mistakenly filed a Return of Summons Served lacking the Clerk's proper certification and seal, and despite having already properly served this particular defendant, Petitioner will seek leave to file a perfected Return of Summons Served containing such seal of the Clerk, or, to re-serve this same defendant yet again, if so found by the Court to be necessary here.

6

apportioned to this defendant's tortuous actions as alleged are determinable on paper only, and require a hearing and evaluation by the Court in order to properly reach a determination here.  Petitioner has noticed the Oral Argument and Hearing of her Rule 55 Motion for Default for March 13, 2024 at 9:30a.m., or, for any other date found appropriate and ordered by this Court.

Here, Petitioner CATHERINE BROWN seeks for the Court to schedule a hearing and evaluation of Petitioner's claims after oral argument, allowing Petitioner to present to this Court and allow proper valuation here of her losses caused by each of the three separate defendants sought defaulted here for Petitioner's claims and losses as alleged.  Petitioner and her counsel in good faith believe that the quantum value of Petitioner's losses asserted here or to be apportioned to each respective defendant's tortuous actions as alleged are not determinable on paper only, and require a hearing and evaluation by the Court in order to properly reach a determination here.

**Delay in Perfecting Service of Process upon Certain Defendants**

Petitioner has recently obtained the identity and service of process address for defendant entity "TCTV", who is identified as one Maurice R. Hinson, with an address of  408 Croyden Road Upper Darby, PA 19082. This information was discovered by Private investigator Sean L. Hall, Licensed Private Investigator.  Petitioner seeks to pursue this actor-defendant and will immediately seek Summons and service of process upon this defendant actor.

**Certain Defendants Petitioner no longer seeks to Pursue in this Litigation**

Petitioner CATHERINE BROWN informs Counsel that she no longer seeks to pursue certain persons or entities previously identified by her as having damaged her here, as explained to Counsel in her Email attachment sent to Counsel on February 14, 2024[2].

In that Email directive, Petitioner CATHERINE BROWN informs that she wishes to have "removed" from this lawsuit the following persons or entities previously named as actors and defendants in previously injuring her, as alleged in her Complaints filed thusfar.  Those persons or entities sought "removed" from this litigation, at Petitioner's direct request, are the following:

1) POSITIVELY HATE;

2) GENERAL D;

3) SHAKIN HARRIS;

4) DONALD MURRAY;

5) GOOD GUY; and

6) SCARLIT, otherwise identified as Dania McDermott.

Petitioner respectfully seeks to continue her pursuit of claims against existing defendants ORACLE, identified and appearing here as Jacqueline Norwood, and ANTHONY OKAFOR, and  TCTV, who is identified as one Maurice R. Hinson, to be served as soon as practicable, as well as pursuing Default Judgment against certain

defendants JONTE MILLER, TANISHA WRIGHT, and MINYANGO TOKPAH, or, if

default Judgments are denied here against these defendants, then pursuing these

defendants on the merits here. For those good reasons, Petitioner begs this Court to

not dismiss this litigation for good cause explained, to allow leave for service of

process upon defendant TCTV through identified person believed to be acting under

that alias, and to allow discovery to go forward against all remaining defendants, as

this matter moves forward.

 Again, Petitioner's Counsel has been recently cleared by his treating

physicians and surgeon to return to full-time law practice, adversarial work and Court

appearances beginning February 8, 2024.


 Respectfully Submitted,

*Dominic N. Varrecchio*

_____

Dominic N. Varrecchio (La. Bar #19456)
1539  Jackson Avenue, Suite 100
New Orleans,  LA  70130
Telephone:  (504) 524-8600
Email: knic55@cox.net
*Attorney for Petitioner*

---

[2] Please see attached here Exhibit "A"

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing, together with all related pleadings involved in this filing, have been served upon all parties and/or their counsel by the CM-ECF electronic filing system for the United States District Court, This 14th day of February, 2024.

*Dominic N. Varrecchio*

_____

DOMINIC N. VARRECCHIO