UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHERINE BROWN** | * | **NO. 2:21-CV-01844-JTM-JVM** |
| | * | |
| **VERSUS** | * | **JUDGE JANE TRICHE** |
| | * | **MILAZZO** |
| **MINYANGO TOKPAH ET AL.** | * | |
| | * | **MAG. JUDGE JANIS VAN.** |
| | * | **MEERVELD** |
| | * | |

___

## MOTION TO ENFORCE COMPROMISE AGREEMENT

**NOW INTO COURT**, comes D.M.[1], through undersigned counsel, who respectfully submits this Motion to Enforce Compromise Agreement and provides as follows:

1. Plaintiff Catherine Brown submitted a filing in this matter (Rec. Doc. 73 and 73-1) that contained false allegations against movant D.M., a non-party in this action.

2. D.M.'s counsel wrote to Brown's counsel demanding the filing be withdrawn or at least replaced with a filing where non-party D.M.'s legal name is redacted.

3. If Brown agreed to withdraw and redact the filing, D.M. offered that she would agree to forego filing a motion for sanctions or other motions against Brown which might require Brown to pay D.M.'s attorney's fees or other penalties for her bad faith conduct.

4. Brown's counsel contacted undersigned counsel and indicated that Brown agreed to the proposed compromise but asked undersigned counsel to prepare the motion for leave to

---

[1] "D.M." are movant's initials. She submits this motion under her initials to preserve the purpose of her compromise agreement with Plaintiff Brown wherein Brown agreed to withdraw a filing (Rec. Doc. 73 and 73-1) that lists non-party D.M.'s legal name. D.M. is a skilled professional who relies upon her reputation to attract clients. In the filing above, Brown spuriously, falsely, and frivolously alleged that D.M., who is not a party to this litigation, assumed fraudulent identities and/or engaged in cyberattacks (allegations for which Brown has no good faith basis). Accordingly, the purpose of D.M.'s agreement with Brown was to avoid any connection in the public record between D.M.'s legal name and Brown's false allegations.

remove and replace filings. Undersigned counsel provided the motion to Brown's counsel who then notified undersigned counsel in writing that Brown "agrees to" the proposed motion.

5. On May 2, 2024, Brown's counsel then informed undersigned counsel that Brown would not abide by her agreement to withdraw her filing, and instead intended to pursue frivolous claims against non-party D.M. in this litigation.

6. Under Louisiana law, a compromise agreement expressed over email between counsel is enforceable by the Court. *See, e.g.*, *Riley v. Cantrell*, No. 19-13950, 2022 WL 11765591, at *3 (E.D. La. Oct. 20, 2022); *see also Preston Law Firm, L.L.C. v. Mariner Health Care Mgmt. Co.*, 622 F.3d 384, 390 (5th Cir. 2010).

7. Where a party breaches a compromise agreement, district courts may enforce the agreement and tax fees and costs upon parties who refuse to abide by the agreement. *See Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 897 (5th Cir. 2012).

8. D.M. asks that the compromise agreement be enforced, that her legal name be redacted from filings Rec. Doc. 73 (at p. 8) and 73-1 (at p. 2), and that Brown be made taxed with D.M.'s attorney's fees and costs incurred in bringing this motion.

**WHEREFORE**, after due proceedings, D.M. respectfully requests that the Motion be granted, that Rec. Doc. 73 and 73-1 be redacted to remove her legal name, that a judgment be entered against Catherine Brown awarding D.M. all reasonable attorney's fees and cost associated with bring this motion, and for all other relief allowed by law and appropriate under the circumstances.

Respectfully submitted,

*/s/ Jacob K. Weixler*
Jacob K. Weixler, 36076
WEIXLER LAW LLC
1239 Baronne St., Suite D
New Orleans, LA 70113
Phone: (504) 408-2180
Fax:    (504) 814-1728
jkw@weixlerlaw.com

*Counsel for D.M.*