## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CATHERINE BROWN**                                      **CIVIL ACTION**

**VERSUS**                                               **NO: 21-1844**

**MINYANGO TOKPAH ET AL.**                               **SECTION: "H"**

## ORDER AND REASONS

Before the Court is non-party D.M.'s Motion to Enforce Compromise Agreement (Rec. Doc. 79). For the reasons set forth herein, the Motion is **DENIED.**

## BACKGROUND

Plaintiff filed this suit against various Defendants alleging that each had engaged to some degree in stalking, harassing, threatening, attacking, intimidating, or defaming her through online activity.[1]  Generally, Plaintiff claims that Defendants are individuals using online platforms like YouTube to engage in "cyber and online harassment" that began around October 1, 2020 and has persisted since.[2]  In the initial Complaint filed on October 8, 2021, Plaintiff named seven parties as defendants to her action and eleven others as "[a]liased-named defendants."[3] An online poster known as "Scarlit" was one of

---

[1] Rec. Doc. 7 at 1.
[2] *Id.* at 10.
[3] Rec. Doc. 1 at 4–7.

the eleven "aliased-named defendants."[4] Plaintiff's Complaint alleged that "Scarlit . . . engaged in a series of harassing and defamatory online postings and broadcasts which are illegal and tortuous [sic]." [5]

On October 13, 2021, five days after filing the original Complaint, Plaintiff filed an Amended Complaint removing "Scarlit" and several other aliases and instead named as "non-defendant, aliased actors."[6] On April 25, 2022, Plaintiff  filed another amended Complaint, again naming "Scarlit" among the "non-defendant actors . . . aligned with the named defendants."[7] No summons was ever issued to "Scarlit," and "Scarlit" never file an appearance in this case.[8]

## 1. Orders to Show Cause and Plaintiff's Reply

On November 4, 2022, this Court granted certain Defendants' Motion to Dismiss for lack of jurisdiction, holding that Plaintiff had not made a "prima facie showing that personal jurisdiction" extended to those Defendants.[9] After Plaintiff failed to take steps to prosecute this litigation, on January 24, 2024, this Court issued a Notice to Show Cause which provided that "Plaintiff's counsel shall have up to and including February 14, 2024, to further prosecute their claim(s), obtain responsive pleadings and/or file returns of service as to the above-named defendants."[10] On February 14, 2024, Plaintiff filed a "Reply to the Notice to Show Cause" in which Plaintiff contended, inter alia, that

---

[4] Rec. Doc. 1 at 7.

[5] *Id.* at 33.

[6] Rec. Doc. 7 at 7–8.

[7] Rec. Doc. 47 at 14.

[8] Rec. Doc. 79-1 at 2.

[9] Rec. Doc. 68.

[10] Rec. Doc. 69.

Plaintiff's counsel's illness caused delays in this litigation.[11] Counsel also identified several individuals/entities that Plaintiff "no longer wished to pursue in litigation," including "Scarlit," who was "otherwise identified as [D.M.]"[12] In an email attached to the "Reply," counsel stated that D.M. is "[k]nown for having multiple accounts (male and female actors)," that D.M. "created accounts pretending that these accounts were [Plaintiff] (who was allegedly harassing other, including [D.M.] online)," and that D.M. "has since ceased and desisted her participation in cyber-attack against [Plaintiff]."[13]

After Plaintiff failed to (1) serve certain Defendants and/or (2) file any motions dismissing certain Defendants or requesting any extensions, on January 8, 2025, this Court issued a Notice to Show Cause ordering that "on or before January 29, 2025, plaintiff's counsel take steps to further prosecute these claims or show good cause in writing, as to why this matter has not been properly joined."[14]

## 2. Purported Agreement

According to D.M., she "discovered through an internet search that [Plaintiff] and her counsel had filed these publicly available documents accusing her of online harassment, creating false identities, impersonating others, and engaging in a cyber-attack despite the fact that she is not a party to this litigation."[15] On March 12, 2024, counsel for D.M sent the following correspondence: "I am writing to demand that you withdraw this filing within

---

[11] Rec. Doc. 73.
[12] *Id.* at 8. Brown's counsel used D.M.'s legal name in the Reply and attached email. *Id.*, Rec. Doc. 73-1 at 2.
[13] Rec. Doc. 73-1 at 2.
[14] Rec. Doc. 81 at 1.
[15] *Id.*

seven days of this letter or by March 19, 2024. The passage above is false, defamatory, and lacks a good faith basis as required by Rule 11 of the Federal Rules of Civil Procedure."[16] The email further stated that "[i]f [Plaintiff] refuses to withdraw the document containing the false information above, [D.M.] will be forced to file a Motion to Strike and a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in the above-captioned matter."[17]

On April 17, 2024, counsel for D.M. sent an email attaching a draft motion for Plaintiff's counsel's review.[18] That email stated that "I am writing today on behalf of my client, D M to provide you with instructions for removing and/or striking the documents (Rec. Doc. 73 and Rec. Doc. 73-1) that contain personally identifying information for my client, as well as a draft motion for filing."[19] The email further stated that "[t]he attached draft motion is ready for your submission." The attached draft Motion, however, was not attached to the instant Motion. In the email, counsel for D.M. also requested that counsel for Plaintiff "add your signature block and file the motion and proposed order," as well as "append to the motion an exhibit ("Proposed Pleading") with a replacement version of the previously filed Petitioner's Reply to Notice to Show Cause Order (Rec. Doc. 73) and its accompanying exhibit (Rec. Doc. 73-1) that

---

[16] Rec. Doc. 79-2.

[17] *Id.* D.M. alleges that Plaintiff's "counsel contacted undersigned counsel and indicated that [Plaintiff] agreed to the proposed resolution but asked that undersigned counsel prepare the motion for leave to remove and replace filings," and that counsel for D.M. "agreed to do so." Rec. Doc. 79-1 at 6.

[18] Rec. Doc. 79-5 at 1.

[19] Rec. Doc. 79-3.

removes or redacts my client's name."[20] Finally, counsel for D.M. also stated that "for your convenience, I have underlined below the references that at minimum need to be redacted or omitted from the replacement filing," and provided excerpts that needed to be redacted.[21]

On April 30, 2024, counsel for Plaintiff responded that "I am working to complete the filing involving your client, which my client agrees to."[22] On May 2, 2024, counsel for Plaintiff sent an email stating that "after consideration, my [c]lient, Catherine Brown, has instructed me to NOT file any motions to voluntarily remove [D.M.] from this litigation, given [D.M.]'s participation in ridiculing and harassing" Plaintiff.[23] Confusingly, counsel for Plaintiff requested that D.M. "respond to this lawsuit," but also stated that "[g]iven our previous discussions regarding the possibility of the Plaintiff agreeing on removing or dismissing [D.M.] from the litigation voluntarily, I will take no adverse actions against [D.M.] for the next thirty (30) days, after which time I will be obliged to seek an entry of default if service has been properly made against [D.M.] here."[24]

## LAW AND ARGUMENT

In the instant Motion, D.M. argues that a compromise was reached, stating that "D.M. would not pursue sanctions or other motions which might require Brown to pay D.M.'s fees or other penalties if Brown simply withdrew

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Rec. Doc. 79-5 at 1.
[24] *Id.*

her filing containing D.M.'s name and replaced it with an identical filing that redacted D.M.'s name."[25]

In response, Plaintiff contends perplexingly that Plaintiff does not object to the removal or dismissal of Defendant D.M. but also that "Plaintiff remains steadfast in her position that Defendant 'DM' has made numerous statements and internet postings damaging and ridiculing and threatening Plaintiff in the past—prior to the inclusion of Defendant/mover 'DM'. . . ."[26]

At the outset, it is unclear whether D.M.'s Motion should be construed as a motion to seal and/or redact, rather than a "motion to enforce." Although D.M. asserts that the parties agreed that counsel for Plaintiff would file a motion, D.M. also contends that the parties reached an agreement to "withdraw filings" and redact the documents.[27] In the Motion to Enforce, Plaintiff's requested relief is that: "the Motion be granted, that Rec. Doc. 73 and 73-1 be redacted to remove her legal name, that a judgment be entered

---

[25] Rec. Doc. 79-1 at 6. Louisiana Civil Code article 3071 provides that a "compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana courts have further explained that a compromise "is an agreement to adjust differences of two or more persons by mutual consent for preventing or ending a lawsuit." Brasseaux v. Allstate Ins. Co., 1997-0526, p.4 (La. App. 1 Cir. 1998); 710 So.2d 826, 828.

[26] Rec. Doc. 80 at 2. Plaintiff also re-iterates her prior arguments as to jurisdiction, which this Court rejected in its prior Order and Reasons. Rec. Doc. 68.

[27] "Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records." Sealed Appellant v. Sealed Appellee, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024) (citing BP Expl. & Prod., 920 F.3d 209, 211–12 (5th Cir. 2019)). Moreover, the sealing, redaction, and pseudonymity analyses "require[] the court to balance the private and public interests—even if the parties *agree* to stay anonymous." *See id.* at * 3 (emphasis added).

against Catherine Brown awarding D.M. all reasonable attorney's fees and cost associated with bring[sic] this motion."[28]

Regardless, the Motion must be denied because, although Plaintiff's statements suggest otherwise, D.M. is not a party to this suit.[29] Indeed, D.M. states that "D.M. has never been named in any complaint, she is not a party to this suit, and she has never been served. In fact, even the party identified as 'Scarlit,' D.M.'s purported alias according to Brown, was removed as a defendant by Brown back in October 2021."[30] As a non-party, D.M. "has no rights in the litigation between [Plaintiff] and [Defendants] unless and until" she is permitted to intervene.[31] Thus, D.M. must either file a motion to intervene pursuant to Federal Rule of Civil Procedure 24(c) or file a separate suit—neither of which D.M. has done. As such, D.M. has not established standing to assert the instant Motion.

---

[28] Rec. Doc. 79-1 at 5, 10.

[29] And, even if D.M. were a party to this suit, it is unclear whether this Court could even enforce such an agreement summarily. Although a district court has the "inherent power to summarily enforce *settlements* entered into by *parties litigant* in a pending case," if the "opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." Mid-South Towing Co. v. Har-Win, 733 F.2d 386, 390 (5th Cir. 1984) (emphasis added) (internal citations removed).

[30] Rec. Doc. 79-1 at 7.

[31] Engra, Inc. v. Gabel, 958 F.2d 643, 644 (5th Cir. 1992); *see also See* Fulbright & Jaworski, L.L.P. v. Mariner Health Care, Inc., No. 05-CA-1127, 2006 WL 3447688, at *4 (W.D. Tex. Nov. 2, 2006) (citing *In re* Beef Indus. Antitrust Litig., 589 F.2d 786, 789 (5th Cir.1979)).

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Enforce Compromise Agreement is **DENIED.**

New Orleans, Louisiana this 10th day of February, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8