**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CATHERINE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-1844** |
| **MINYANGO TOKPAH, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are non-party D.M.'s Motion for Attorney's Fees (Doc. 101) and Defendants Andrea Stewart, Gerald Palmer, and Anti Fraud Warriors, LLC's Motion for Attorney's Fees (Doc. 105). For the following reasons, both Motions for Attorney's Fees are **DENIED**.

## BACKGROUND

Given this action's extensive factual and procedural history, the Court incorporates the background outlined in its August 28, 2025 Order and Reasons by reference.[1] The following facts are particularly relevant to the instant Motions for Attorney's Fees.

Plaintiff Catherine Brown filed this suit against various Defendants alleging that each had engaged to some degree in stalking, harassing, threatening, attacking, intimidating, or defaming her through online activity. On November 4, 2022, this Court granted Defendants Andrea Stewart, Gerald Palmer, and Anti Fraud Warriors, LLC's (the "Dismissed Defendants") Motion to Dismiss for lack of jurisdiction, holding that Plaintiff had not made a "prima

---

[1] Doc. 97.

facie showing that personal jurisdiction" extended to the Dismissed Defendants.[2]

After Plaintiff failed to take necessary steps to prosecute this litigation, on January 24, 2024 and January 8, 2025 respectively, this Court issued two Notices to Show Cause.[3] Plaintiff filed replies to each.[4] In those Replies, Plaintiff made allegations against D.M. without naming D.M. as a defendant.[5] D.M. was granted leave to intervene so that she could file her "Motion to Enforce Compromise, and Motion to Redact or Strike" ("Motion to Enforce/Redact"). In D.M.'s Motion to Enforce/Redact, D.M. alleged that, upon discovering her name in the public record, she reached an agreement with Plaintiff's counsel to redact her name from the record of this suit. D.M. further alleged that Plaintiff failed to honor their agreement to remove D.M.'s name from the record. D.M. then argued that her name should be redacted from the record because the parties had reached an agreement to do so and, in the alternative, the allegations against her were immaterial.[6] The Court granted D.M.'s Motion to Enforce/Redact in part, ordering Plaintiff to redact all reference to D.M's legal name by September 4, 2025.[7] Plaintiff filed redacted versions of Docs. 73, 73-1, 80-1, and 82 on September 3, 2025, and the Court ordered the Clerk of Court replace the unredacted versions in the record.

---

[2] Doc. 68.

[3] Docs. 69, 81.

[4] Docs. 73, 82.

[5] Plaintiff's Replies originally identified D.M. by her legal name. They have since been redacted.

[6] Doc. 94.

[7] Because enforcing the alleged agreement would not entitle D.M. to redaction, her requested relief, the Court analyzed D.M.'s Motion to Enforce/Redact under the standard for redaction. Doc. 97; *see* Sealed Appellant v. Sealed Appellee, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024) (stating that even where the parties agree to remain anonymous, the Court must determine whether anonymizing or redacting the record is appropriate).

On September 11, 2025, D.M. filed her Motion for Attorney's Fees, seeking to sanction Plaintiff for her conduct in this action. Roughly a month later, the Dismissed Defendants filed their own Motion for Attorney's Fees, adopting similar arguments to those in D.M's Motion. Plaintiff opposes both Motions for Attorney's Fees.

## LEGAL STANDARD

Pursuant to the "bedrock principle known as the 'American Rule,' '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'"[8] As an exception to the "American Rule," the Supreme Court has held that "federal courts have inherent power to assess attorney's fees," such as "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"[9] "It is well-settled, however, that the threshold for the use of inherent sanctioning power is high, and once the power is invoked, it must be 'exercised with restraint and discretion.'"[10] "A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'"[11] A "finding of bad faith must be supported by clear and convincing proof."[12]

---

[8] Marx v. Gen. Revenue Corp. 568 U.S. 371, 382 (2013) (citation modified) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 253 (2010)).

[9] Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (citation modified) (first quoting Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765 (1980); then quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258–59 (1975)).

[10] Maguire Oil Co.v. The City of Houston, 143 F.3d 205, 209 (5th Cir. 1998) (quoting Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995)).

[11] Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46).

[12] Hammervold v. Blank, 3 F.4th 803, 811 (5th Cir. 2021) (quoting *In re* Moore, 739 F.3d 724, 730 (5th Cir. 2014)).

## LAW AND ANALYSIS

### A.    D.M.'s Motion for Attorney's Fees

D.M. argues that an award of attorney's fees is warranted because Plaintiff "abused these proceedings and engaged in unnecessary, bad faith actions as retribution against D.M."[13] D.M. avers that sanctions are warranted because "the Court has already determined that [Plaintiff's] filings 'might have become a vehicle for improper purposes.'"[14] D.M. also argues that Plaintiff's refusal to abide by the terms of their alleged compromise agreement and to redact D.M.'s legal name from Plaintiff's filings demonstrates Plaintiff's bad faith. D.M. further asserts that Plaintiff's conduct in this action has "no place in legitimate civil litigation," because she has used this "proceeding as a platform to publicly smear a non-party."[15] Plaintiff opposes, asserting she has acted in good faith throughout the proceedings.

To the extent D.M.'s argument relies on language from this Court's prior ruling, D.M. takes a statement of law out of context and imputes a finding of bad faith where none was made.[16] In the Court's Order on D.M.'s Motion to Enforce/Redact, the Court held that that redaction was appropriate given that D.M. was not named as a defendant and that Plaintiff had stated her intent to remove D.M. from this suit.[17] In so holding, the Court found that under these circumstances, the balance between public and private interests weighed in favor of redaction. To the extent that the Court's Order on D.M.'s Motion to

---

[13] Doc. 101-1 at 4.

[14] *Id.*

[15] *Id.* at 6.

[16] In the Court's Order on D.M.'s Motion to Enforce/Redact, the Court wrote that "Courts have denied access to judicial records when those files 'might have become a vehicle for improper purposes' such as when records are 'used to gratify private spite or promote public scandal.'" Doc. 97 at 12 (quoting Sealed Appellant v. Sealed Appellee, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024)).

[17] Doc. 97 at 12.

Enforce/Redact implied Plaintiff had an "improper purpose," the Court finds that Plaintiff's conduct was not so egregious as to support a finding of bad faith.[18]

As to D.M.'s assertion that Plaintiff's refusal to abide by their alleged compromise constitutes bad faith conduct warranting sanction, the Court disagrees. As seen in *Procaccino v. Jeansonne*, a party's refusal to honor a settlement agreement may constitute bad faith conduct warranting an award of attorney's fees in certain circumstances.[19] In *Procaccino*, "[a]ll of the evidence in the record amply supported a finding that the parties had settled [the suit] and that [the defendant] changed his mind, opting to aggressively pursue motion practice instead of honoring the settlement agreement."[20] However, sanctions are not warranted under these facts, because Plaintiff's refusal to abide by the terms of their alleged agreement did not unnecessarily multiply the proceedings. Unlike in *Procaccino*, D.M. is not a party to the suit and the alleged compromise had no substantive effect on the claims pending before the Court. Further, even if Plaintiff and D.M. had formed an enforceable agreement to redact D.M.'s legal name from the record, they still would have needed to file a motion to redact.[21] Only then could the Court analyze whether redaction was appropriate. Thus, the Court finds that Plaintiff's refusal to honor the purported settlement agreement does not amount to bad faith, oppressive, vexatious, or wanton conduct.

Turning to D.M.'s argument that Plaintiff has used this "proceeding as a platform to publicly smear a non-party," D.M. has not provided clear and

---

[18] *See* Matta v. May, 118 F.3d 410, 416 (5th Cir. 1997) (holding that language in an order in a related case, stating that a "suit was frivolous and filed merely to vex, [a party and her attorneys]," was insufficient "to meet the requirement for a bad faith finding").

[19] No. 07-4748, 2017 WL 6733722, at *4 (E.D. La. Dec. 29, 2017).

[20] *Id.*

[21] *Sealed Appellant*, 2024 WL 980494, at *3.

convincing evidence that the statements Plaintiff made about D.M. were made in bad faith. While D.M. has not been named as a Defendant, factual allegations regarding her could conceivably form additional context for Plaintiff's claims against other Defendants. Further, the Court has not made factual findings as to the truth of Plaintiff's allegations regarding D.M. As such, the Court cannot ascribe malicious intent to Plaintiff's actions in this litigation. Accordingly, because D.M. has not demonstrated that Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons, sanctions are unwarranted.

## B. The Dismissed Defendants' Motion for Attorney's Fees

The Dismissed Defendants echo the arguments in D.M.'s Motion for Attorney's Fees, arguing that Plaintiff "abused these proceedings and engaged in unnecessary, bad faith allegations against Movants as retribution against Movants because of their alleged online comments."[22] The Dismissed Defendants also argue that by filing her claims against them in a district where the Court lacked jurisdiction, Plaintiff used this litigation to harass them. Plaintiff opposes, asserting that she brought her claims against the Dismissed Defendants in good faith and that all assertions and arguments regarding the Court's exercise of jurisdiction over the Dismissed Defendants were made in good faith.

The Court finds that the Dismissed Defendants have not demonstrated that Plaintiff engaged in bad faith conduct warranting sanctions. To the extent that the Dismissed Defendants argue that Plaintiff engaged in bad faith conduct by making false accusations against them, the Court has not made findings as to the substantive merits of Plaintiff's claims and declines to do so here. While Plaintiff's claims are adverse to the Dismissed Defendants, there

---

[22] Doc. 105-4 at 4.

has been no showing that the claims are false or were made with the intent to harass, annoy, or increase expenditures. As to the argument that Plaintiff acted in bad faith by bringing her suit in a forum where the Court did not have personal jurisdiction over the Dismissed Defendants, the Court finds no evidence of bad faith. Although the Court determined that Plaintiff did not make a prima facie showing of personal jurisdiction over the Dismissed Defendants, her arguments were not frivolous.[23] Thus, the Dismissed Defendants have not demonstrated by clear and convincing evidence that Plaintiff's conduct in this litigation is sanctionable.

### CONCLUSION

For the foregoing reasons, both D.M.'s Motion for Attorney's Fees (Doc. 101) and Defendants Andrea Stewart, and Anti Fraud Warriors, LLC's Motion for Attorney's Fees (Doc. 105) are **DENIED.**

New Orleans, Louisiana this 9th day of April, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[23] "[A] district court [should] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." McKethan v. Tex. Farm Bureau, 35 F.3d 559, 1994 WL 499701, at *3 (5th Cir. 1994) (unpublished table decision) (alteration in original) (quoting Christianburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 421–422 (1978)).